CHARLEY LOCKHART, STATE TREASURER, ET AL V. A. W.
SNYDER & COMPANY ET AL.

No. 7981. Decided June 3, 1942.
Rehearing overruled July 15, 1942.
(163 S. W., 2d Series, 385.)

*Gerald C. Mann*, Attorney General, *Geo. W. Barcus*, Assistant Attorney General, for petitioners Charley Lockhart and George H. Sheppard, *Arnold Smith*, County Attorney of Montgomery County, *O. Etheridge, A. A. Turner* and *McCombs & Davis*, all of Conroe, for petitioners Montgomery County and others.

The Court of Civil Appeals erred in not dismissing the State Treasurer and the State Comptroller from this suit, because neither they nor the State Board of Education were made parties to the litigation. Harmore v. Darraugh, 227 S. W. 522; McDonald v. Simons, 280 S. W. 571; State v. Nix. 138 S. W. (2d) 924.

*Vinson, Elkins, Weems & Francis, W. S. Elkins* and *Victor W. Bouldin*, all of Houston, for respondents.

It was not error for the Court of Civil Appeals to refuse to dismiss Lockhart and Sheppard from the suit. United States v. Lee, 106 U. S. 196, 27 L. Ed. 171; Poindexter v. Greenhow, 114 U. S. 270, 29 L. Ed. 185; Stanley v. Schwalby, 85 Texas 348, 19 S. W. 264.

MR. JUSTICE CRITZ delivered the opinion of the Court.

This case was tried in the District Court of Montgomery County, Texas. The evidence heard at the trial was in part an agreed statement of facts, and in part evidence heard from the witness stand. From all of the evidence, but principally from the agreed evidence, we make the following statement:

The Commissioners Court of Montgomery County, Texas, decided to offer for sale $1,500,000.00 in road bonds of Commissioners Precinct No. 2 of such county. Pursuant to such decision, the court advertised the sale of such bonds to be on May 20, 1940. The notice of sale, as ordered and published, stated that no bid would be received that did not include all of

the bonds offered, or that was for less than par and accrued interest.

On May 20, 1940, the date named for receiving bids, the court received two bids. One of these bids was for only $1,000,-000.00 of these bonds. This bid was rejected without being opened, because it did not offer to purchase all of the bonds offered for sale. The other bid was by A. W. Snyder & Company and several others. This bid offered to purchase all of the bonds. This bid was rejected.

According to the agreed statement of facts, after the happening of the above events, A. W. Snyder & Company et al and the Commissioners Court continued their negotiations with each other in an effort to consummate the purchase and sale of these bonds. On May 24, 1940, these negotiations culminated into a written contract. By the terms of such contract A. W. Snyder & Company et al agreed to purchase all the $1,500,000.00 of bonds here involved. A. W. Snyder & Company et al agreed to pay par and accrued interest to date of delivery, plus a cash premium of $16,500.00, for all of these bonds. The contract under consideration then provided that A. W. Snyder & Company et al were to be paid the sum of $15,000.00. It was recited that this sum was to be paid to A. W. Snyder & Company et al regardless of whether such bonds should be purchased by them or by the State Board of Education for the State Permanent School Fund. The consideration recited in the contract for paying A. W. Snyder & Company et al $15,000.00 was for their taking the risk of bidding on these bonds when it was unknown whether or not the State Board of Education would exercise its option to purchase them. It was recited in the contract that the State Board of Education was to be fully apprised of its contents. It is alleged in the petition of A. W. Snyder & Company et al, but not recited in the contract, that, on account of the then war conditions, the bond market was in a very unsettled and fluctuating condition, and that the risk of loss in bidding on these bonds, when some time must elapse before the State Board would meet and have an opportunity to purchase or waive its right to do so, was unusually great. We will assume for the purposes of this opinion that such allegations were and are true. At this point we pause to note that under this contract if A. W. Snyder & Company et al had purchased these bonds, they would have gotten them for par and accrued interest, plus $1,500.00. That would have been the net result of their contract.

After the making of the above contract, and after the above bonds had been duly approved by the Attorney General, they were deposited with the Comptroller for registration and to be held by him, pending the action of the State Board of Education on its option to purchase. As provided by the contract, the court submitted to the Board a copy of its contract with A. W. Snyder & Company et al. The Board duly considered such contract, and interpreted it as a bid to purchase these bonds at par and accrued interest to date of delivery, plus a cash premium of $1,500.00. The Board notified the court of its interpretation. The court informed the Board that it did not agree to the Board's interpretation of its contract with A. W. Snyder & Company et al, and insisted that such contract constituted a bid of par and accrued interest to date of delivery, plus a cash premium of $16,500.00. The Board passed an order exercising its asserted right to purchase these bonds at par and accrued interest and a cash premium of $1,500.00. The Board considered that this price met the bid of A. W. Snyder & Company et al. The court demanded possession of these bonds and protested the bid of the Board. Such demand and protest were denied by the Board. The court then demanded that the Board pay it par and accrued interest, plus $16,500.00, for these bonds. This demand was refused by the Board. Thereupon the court demanded delivery of these bonds to it. This demand was refused. The Comptroller, acting on order from the Board, then tendered to the court as the purchase price of these bonds three warrants, on the State School Funds, as follows: (1) a warwant on the permanent fund for $1,500,000.00, representing the principal; (2) a warrant on the available fund for $2,708.40, representing the accrued interest; and (3) a warrant on the available fund for $1,500.00, representing the cash premium the Board considered A. W. Snyder & Company et al had offered to pay. The court, under protest, accepted the first two warrants and cash the same. The Court refused to accept the third warrant for $1,500.00, on the ground that it should have been for the sum of $16,500.00. A. W. Snyder & Company et al did not agree to any of these acts and transactions of the court, and the court only agreed to them under protest after the Board had refused to deliver the bonds to it, or to pay it for such bonds the sum demanded by it. A. W. Snyder & Company et al did not agree to any of these acts and transactions of the court, the State Board of Education, or the Comptroller. After the acceptance of the above warrants, these bonds were delivered into the hands of Charley Lockhart, State Treasurer

of the State of Texas, who now claims to hold them, in his official capacity as State Treasurer, as the property of the Permanent School Fund of the State of Texas.

After the happening of the above events, A. W. Snyder & Company et al filed this suit in the District Court of Montgomery County, Texas, against Charley Lockhart individually and as State Treasurer, George H. Sheppard individually and as State Comptroller, Precinct No. 2 of Montgomery County, Texas, and the members of the Commissioners Court of such county. The general character of the petition is disclosed by the relief sought. We therefore quote the prayer, which is as follows:

"WHEREFORE, premises considered, the Defendants having been cited to appear herein, upon final hearing Plaintiffs pray as follows:

"1. That Plaintiffs recover of and from the Defendants the title to the $1,500,000 Road Bonds described in this petition and that upon the payment by Plaintiffs of the sums due on the purchase price of said bonds that the said bonds shall be delivered to Plaintiffs and that this Court shall decree to whom the purchase price for said bonds shall be paid by Plaintiffs;

"2. If Plaintiffs be not entitled to recover the bonds as prayed for in the next preceding sub-paragraph, then in the alternative Plaintiffs pray that they recover of and from the Defendant Commissioners Precinct No. 2 of Montgomery County, Texas, the sum of Thirty Thousand Dollars ($30,000), being the damages suffered by Plaintiffs because of the breach of said contract by said Defendant Commissioners Precinct No. 2 of Montgomery County, Texas, acting by and through said Commissioners Court of Montgomery County, Texas, and being the difference in the value of said bonds above described on June 21, 1940, and the price which said The Syndicate agreed to pay for said bonds and constituting the profits which Plaintiffs would have realized from the re-sale of said bonds if they had been delivered to Plaintiffs as provided in said sale contract;

"3. That in any event, whether Plaintiffs recover said bonds or their damages for the breach of said contract that they have and recover of and from the Defendant Commissioners Precinct No. 2 the sum of Fifteen Thousand Dollars ($15,000) provided for in said contract.

"Plaintiffs further pray for cost of suit, and for such other and further relief, general and special, at law and in equity to which they may show themselves justly entitled."

After pleading venue in Travis County, Texas, Lockhart and Sheppard filed plea to the jurisdiction of the district court. In this plea it was contended that this was and is a suit against the State without its consent, and therefore it cannot be maintained. Lockhart and Sheppard also filed an answer, which contained a general exception, a special exception, and a general denial of the material allegations in the petition of A. W. Snyder & Company et al. The special exception was to the same effect as the plea to the jurisdiction.

Commissioners Precinct No. 2 of Montgomery County, Texas, and the members of the commissioners court of such county filed an answer. This answer contained a general demurrer, a general denial, and a special answer. We shall not attempt to detail the contents of this special answer. Its general tenor is disclosed by the prayer. Such prayer is as follows:

"WHEREFORE, these defendants pray that Plaintiffs take nothing by their suit and that defendant George H. Sheppard be ordered to deliver to these defendants, comprising the Commissioners' Court of Montgomery County, Texas, the Road Bonds in question in order that Precinct No. 2, of Montgomery County may consummate its contract with the Syndicate and a valid sale could be made in conformity with the bid and contract of said Syndicate, or in the alternative, that defendants, Charley Lockhart and George H. Sheppard, be ordered to issue, deliver and pay to Montgomery County, Texas, Commissioners' Precinct No. 2 a state warrant in the amount of $16,500.00 in payment to the balance on said Road Bonds. In the event Plaintiffs are found by this Court to be entitled to judgment against these Defendants, these Defendants pray that said judgment be held in abeyance until it can be enforced by a writ of mandamus to be brought by these defendants in the Supreme Court and carried to conclusion with the purpose of requiring defendants, Sheppard and Lockhart to perform their mandatory duties in connection with said bonds."

The case was finally tried in the district court without the intervention of a jury. The judgment entered is rather long and complicated. Its essential features are as follows:

1. It overrules the plea of privilege and the plea to the jurisdiction filed by Lockhart and Sheppard.

2. It recites that A. W. Snyder & Company et al abandoned their cause of action against Commissioners Precinct No. 2 of Montgomery County, Texas, and the members of the Commissioners Court of Montgomery County to the extend of their claim for damages in the sum of $30,000.00 for breach of contract.

3. It expressly adjudges that the district court has jurisdiction of the parties and the subject matter of this suit.

4. It adjudges that the $1,500,000.00 road bonds here involved are valid, and have been duly authorized, approved, and registered.

5. It adjudges that the contract between A. W. Snyder & Company et al and the Commissioners Court, above described, was and is valid in all respects.

6. It adjudges that according to the terms of such contract A. W. Snyder & Company et al bid par and accrued interest, plus a premium of $16,500.00, for these bonds.

7. It adjudges that the provision of such contract that A. W. Snyder & Company et al shall be paid the sum of $15,000.00 for bidding on these bonds was and is valid, and was and is based on a valid consideration moving to Commissioners Precinct No. 2 of Montgomery County, Texas, and that the agreed purchase price of said bonds, "to-wit: a sum equal to the principal amount and accrued interest on said bonds, plus a premium of $16,500.00, is in no manner changed by the agreement to pay said Syndicate (meaning A. W. Snyder & Company et al) the 1% therein provided."

8. It adjudges that the order of the State Board of Education, wherein it attempted to exercise its statutory option to purchase these bonds, is void because such order did not provide for the purchase of these bonds for the Permanent School Fund of this State for a price as great as the best price offered for them. It then adjudges that the Board waived its legal option to purchase these bonds by failing to agree to pay the price offered for them by the best bidder, as required by law.

It then adjudges that A. W. Snyder & Company et al became vested with the right to purchase these bonds by the circumstances above detailed, and that such right has become unconditional and absolute.

9. It adjudges that Lockhart and Sheppard acted without lawful authority in refusing to deliver these bonds to the Commissioners Court and in expending money belonging to the State School Funds therefor. It then adjudges that Lockhart and Sheppard acquired these bonds unlawfully, and that they hold them without lawful authority, and therefore they are not acting for or on behalf of the State of Texas.

10. It then adjudges that Commissioners Precinct No. 2 and the members of the Commissioners Court of Montgomery County have been and are now willing and ready to deliver these bonds to A. W. Snyder & Company et al, but are prevented from doing so by the unlawful refusal of the defendants, Lockhart and Sheppard, to deliver such bonds.

11. It adjudges that the court made a diligent attempt to sell these bonds and could not find a buyer at any price other than the price bid by A. W. Snyder & Company et al, and could not have sold such bonds without agreeing to pay the $15,000.00 compensation provided for in the contract between the court and A. W. Snyder & Company et al.

12. It finds that the accrued interest paid as part consideration for these bonds has been paid to the defendant Lockhart, and repaid to the State Available School Fund. It also finds that $155,000.00 of the principal of these bonds has been paid to the defendant Lockhart. These findings are agreed to by all parties.

13. It adjudges that A. W. Snyder & Company et al take nothing against Commissioners Precinct No. 2 and the members of the Commissioners Court on their claim for damages in the sum of $30,000.00.

14. It then adjudges and orders as follows:

"IT IS FURTHER ORDERED, ADJUDGED AND DECREED By the court that the plaintiffs do have and recover of and from the defendants and each of them the remaining $1,345,000.00 Road Bonds of Commissioners Precinct No. 2 of Montgomery County, Texas,

described in plaintiffs' First Amended Original Petition, and the defendants Lockhart and Sheppard are hereby ordered to deliver all of said bonds in their possession to the Clerk of this Court to be held in the registry of this court. Plaintiffs shall pay to the clerk and into the registry of this Court a sum equal to the principal amount of said bonds so deposited with the Clerk, plus said $16,500.00 premium. When said bonds have been so deposited by said defendants Lockhart and Sheppard and when said sums have been so deposited by said plaintiffs, the Clerk of this Court is ordered to deliver said bonds to plaintiffs and to pay out said sums so received as follows, to-wit: A sum equal to the principal amount of said bonds deposited with the Clerk shall be paid to the State Treasurer of Texas for the benefit of the Permanent School Fund of Texas; and the sum paid as premiums shall be paid to the County Treasurer of Montgomery County, Texas, for the benefit of Commissioners Precinct No. 2 of Motgomery County, Texas.

"The defendants Lockhart and Sheppard having given notice of appeal of this judgment to the Court of Civil Appeals at Beaumont, said bonds shall be delivered by defendants Lockhart and Sheppard and said sums shall be paid by plaintiffs, in the manner above set forth, within sixty (60) days of the date of entry of the final order, judgment or decree entered by the last court to which said judgment is appealed or attempted to be appealed. If plaintiffs fail so to deposit said sums within the time herein provided, the Clerk shall return said bonds to the defendants Lockhart and Sheppard.

"IT IS FURTHER ORDERED, ADJUDGED AND DECREED by the court that the plaintiffs have and recover of and from Commissioners Precinct No. 2 of Montgomery County, Texas, the sum of $15,-000, being one per cent compensation provided for in the above described contract for the sale and purchase of said bonds, the same to be paid out of the proceeds of the sale of said bonds.

"IT IS FURTHER ORDERED, ADJUDGED AND DECREED by the court that cross-plaintiffs, Commissioners Precinct No. 2 of Montgomery County, Texas, and the members of the Commissioners Court of said County, in their official capacity, recover of and from the defendants, Lockhart and Sheppard said road bonds to be delivered to the Clerk and into the registry of the court and to be delivered by the Clerk to Plaintiffs as herein decreed.

"IT IS FURTHER ORDERED, ADJUDGED AND DECREED by the court that plaintiffs and cross-plaintiffs recovered their costs from the defendants Sheppard and Lockhart, for all of which let execution issue.

"To which judgment on the Plea of Privilege and the Plea to the Jurisdiction and the Merits, the defendants Lockhart and Sheppard excepted and then and there in open court gave notice of appeal to the Court of Civil Appeals for the Ninth Supreme Judicial District at Beaumont, Texas."

Lockhart and Sheppard duly appealed from the above judgment to the Court of Civil Appeals at Beaumont. On original hearing that court reversed the judgment of the district court, and remanded this cause to the district court with instructions to dismiss from its docket the cause of action of all parties as against Lockhart and Sheppard. The Court of Civil Appeals, in effect, adjudged that the judgment of A. W. Snyder & Company et al against Commissioners Precinct No. 2 of Montgomery County, Texas, for $15,000.00 was not appealed from, and was therefore not disturbed. On rehearing the Court of Civil Appeals reversed and remanded generally as to all parties, and without instructions. 159 S. W. (2d) 132. The case is before this Court on three petitions for writs of error: One made by Lockhart and Sheppard; one by Commissioners Precinct No. 2 and the members of the Commissioners Court of Montgomery County, Texas; and one by A. W. Snyder & Company et al. We granted the petition of Lockhart and Sheppard. We then granted the other two petitions because we had granted the petition of Lockhart and Sheppard.

Before proceeding further we deem it advisable to note certain statutes and a constitutional provision which we think control the decision of this case.

Article 2669, R. C. S. 1925, as amended, authorizes the State Board of Education to invest the permanent public free school funds of this State in bonds of the United States, the State of Texas, or any county thereof, and the independent or common school districts, road precincts, drainage, irrigation, navigation and levee districts in this State.

Article 2670, R. C. S. 1925, as amended, so far as pertinent here, provides that when the classes of bonds mentioned in Article 2669, supra, are offered for sale, the party offering

shall submit them to the Attorney General for approval. It is also provided in this article that such bonds shall be submitted to the State Board of Education, and shall be carefully preserved by the Comptroller. This article contains other provisions not directly germane here.

Article 2671, R. C. S. 1925, as amended, requires the Comptroller and the State Board of Education to carefully examine all bonds offered to the State Board of Education, and gives the Board full discretion to decline to purchase any bonds unless satisfied that they are a safe and proper investment.

Article 2673, R. C. S. 1925, as amended, provides that all bonds of the classes hereinabove named, which include road precinct bonds, shall be submitted to the State Board of Education, together with notice of all bids received for such bonds. The Board is given a preferential right to purchase such bonds for the State permanent school fund, provided it pays the price offered therefor by the best bona fide bidder. The Board is given ten days to exercise this option, and if such option is not exercised within ten days, the party issuing the bonds is given the right to sell them to the best bona fide bidder.

Article 4378, R. C. S. 1925, makes the State Treasurer the custodian of all bonds in which all State Permanent School Funds have been or hereafter may be invested. This article requires that the State Treasurer shall keep such bonds in his custody until the same have been paid or discharged, or otherwise disposed of by the proper authority of the State. This article contains other provisions not germane here.

Section 5 of Article VII of our State Constitution provides that the principal of all bonds and other funds, and the principay arising from the sale of lands hereinbefore set apart to school funds shall constitute the Permanent School Fund. This constitutional provision contains other provisions not germane here.

■ It is our opinion that when this contract is viewed from its four corners, the very best that can be said in favor of its validity is that it is an agreement to pay par, accrued interest, and a premium of $1,500.00 for these bonds. This is the amount that A. W. Snyder & Co. et al would have had to pay for them had the State Board of Education declined to purchase, or

waived its preferential option so to do. It is true that under one provision of this contract it is provided that par, accrued interest, and cash premium of $16,500.00 is to be paid; but this provision is coupled with another, which stipulates that the purchaser is to be paid $15,000.00 for bidding. This $15,-000.00 to be paid for bidding operates to neutralize or cancel that much of the sum bid, and leaves a real purchase price of par, accrued interest, and a cash premium of $1,500.00. It is the settled rule that in construing contracts they will be considered as a whole. When this instrument is read and considered as a whole, there is no escape from the construction we have given it. To our minds, it would be a paradox to say that this contract amounted to a bid of par, accrued interest, and a premium of $16,500, when the bidder at the same time, and as a part of the very contract of purchase, was charging the seller $15,000.00 for making the bid.

■ As already stated, this contract provides that A. W. Snyder & Co. et al shall be paid $15,000.00 for contracting to purchase these bonds, and that such sum shall be paid by the Road Precinct issuing them, even if they should be purchased by the State Board of Education. Article 2643, supra, gives the Board a preferential right to purchase bonds such as these, provided it pays as much therefor as the best price offered. Clearly, any contract that would compel the Board to pay more than the best. price offered would violate the statute just mentioned. It follows that under the above statute the Board had the right to purchase these bonds at the amount bid by A. W. Snyder & Company et al. As already held, this amount was par, accrued interest, and $1,500.00. In this connection, we think we have given this contract the only construction that would render it any contract at all. If we should hold that the provision to pay the bidder $15,000.00 for bidding should be considered as a separate and independent provision, then we would have to reject the entire contract,—for the reason that, as held by the Court of Civil Appeals, the Commissioners Court had no authority to contract to pay a bidder for bidding. Patently, this would leave A. W. Snyder & Company et al in the same position in this suit that they are in under the construction we have given under this contract.

Again reverting to Article 2643, supra, it is our opinion that all bidders on bonds coming under its provisions must consider that their bids are made in view of such statute; and no bid can be so constructed as to evade the same. It is too evident

to admit of debate that if this statute can be evaded by a bond bidder offering one price for bonds, and then charging the price offered with a charge for bidding, and then compelling the State Board of Education to pay the price bid encumbered with the charge for bidding, the above statute is practically nullified, and the Board can never buy another bond, without paying the net or real price offered, plus the price charged for bidding.

■ By proper point of error, Lockhart and Sheppard contend that the Court of Civil Appeals erred in not dismissing them from this suit, because the State Board of Education and the State of Texas are necessary parties thereto. We consider this assignment, construed in the light of the statement and argument thereunder, as sufficient to raise the questions of necessary parties which we will now decide. We are of the opinion that the State is an absolutely necessary party to this action. We do not consider it necessary for us to decide whether or not the members of the State Board of Education are necessary parties. We think that the State is a necessary party, because it is here shown that Lockhart, as State Treasurer, obtained possession of these bonds, not individually but officially, by virtue of his office. It is shown that Lockhart obtained possession of these bonds as the property of the State Permanent School Fund, and that he now holds possession of them as the property of such fund. By the constitutional and statutory provisions above mentioned and discussed, the State is the owner of such fund and the State Treasurer is its custodian. It is shown that these bonds are a part of such fund. It follows that the State is the owner and in possession of these bonds, and neither such ownership nor possession can be disturbed, except in a proper action to which the State is made a party.

All parties to this suit, other than Lockhart and Sheppard, contend that it can be maintained against Lockhart and Sheppard because of the well-known rule of law: That where State officers act without authority of law, they do not act for the State or in its interest; and when State officers invade private rights, or threaten to do so, a suit to redress a wrong or prevent its recurrence is not to be classed as a suit against the State. Actions against officers who have possession of property belonging to another come within this class, even though such officers disclaim any personal interest, and claim to hold for and on behalf of the State. We do not question the correctness of the rule of law above contended for when applied in a

proper case. It is supported, in principle, by the following authorities: 38 Tex. Jur. 859; United States v. Lee, 106 U. S. 196, 1 Sup. Ct. 240, 27 L. Ed. 171; Stanley v. Schwalby, 85 Texas 348, 19 S. W. 264; Whatley v. Patten (Civ. App.), 10 Texas Civ. App. 60, 31 S. W. 60; Conley v. Daughters of The Republic, 106 Texas 80, 156 S. W. 197; Imperial Sugar Co. v. Cabell (Civ. App.), 179 S. W. 83. The rule just recognized, however, has no application to this case. The State Treasurer came into possession of these bonds lawfully. He holds such possession in his official capacity only. The Permanent School Fund of this State has lawfully been invested in them. Such fund is the property of the State, and all bonds purchased therewith occupy the same status. It follows that this is not a suit against a State officer who has acted without legal authority. Furthermore, it is not a suit in which a State officer, either officially or individually, holds possession of property belonging to these plaintiffs, or any of them, and neither does he hold possession of any property belonging to the precinct here sued.

From what we have said it is evident that we are in accord with the ruling of the Court of Civil Appeals that the State of Texas was and is a necessary party to this suit.

It appears from the record before us that the trial court rendered a judgment in favor of A. W. Snyder & Company et al and against Commissioners Precinct No. 2 of Montgomery County for $15,000.00. The precinct did not appeal from this judgment to the Court of Civil Appeals. In spite of this, the Court of Civil Appeals reversed this entire judgment, and remanded this cause to the trial court for a new trial. A. W. Snyder & Company et al contend that the Court of Civil Appeals had no power to reverse their judgment against Precinct No. 2, because the precinct did not appeal therefrom.

■ It is the general rule that where one party appeals from a judgment, a reversal as to him will not justify a reversal against the other nonappealing parties. This rule, however, does not apply in cases where the respective rights of the appealing and nonappealing parties are so interwoven or dependent on each other as to require a reversal of the whole judgment where a part thereof is reversed. 3 Tex. Jur., p. 1184, sec. 813, id. p. 1112, sec. 779; Valee v. Joiner (Com. App., opinion approved), 44 S. W. (2d) 983; Reeves v. McCracken, 103

Texas 416, 128 S. W. 895. In this case the trial court awarded a judgment for plaintiffs, A. W. Snyder & Company et al, and against the precinct, for $15,000.00; but in another portion of the same judgment it is decreed that Lockhart and Sheppard shall deliver to the district court clerk all these bonds unpaid. It is then decreed that A. W. Snyder & Company et al shall pay to the clerk the par value of these bonds plus $16,500.00. It is then decreed that when these bonds have been so deposited by Lockhart and Sheppard, and when the above-mentioned sums of money have been deposited by A. W. Snyder & Company et al, the clerk shall pay out the money so deposited as follows: A sum equal to the principal amount of these bonds shall be paid to the State Treasurer, and the sum paid as premium, $16,-500.00, shall be paid to the County Treasurer of Montgomery County, for the benefit of commissioners Precinct No. 2. Manifestly, if the entire judgment of the district court were allowed to stand, it would amount to no judgment against Precinct No. 2 at all. This is too evident to admit of debate, because the very decree that gives A. W. Snyder & Company et al a recovery against Precinct No. 2 compels them to furnish to such precinct the money with which to pay themselves. Under such a record the judgment against the precinct is a' myth. It is nothing. To say the least, it is so interwoven with the balance of the judgment as to require its reversal on the reversal of the balance of the judgments.

From what we have said it is evident that this judgment in toto must be reversed and set aside. Further, it is evident that no good purpose could be accomplished by a remand of this case to the district court. The State cannot be made a party, and no cause of action could be pleaded against it if it could be. If Lockhart and Sheppard should be dismissed from this action, and the cause prosecuted only for the purpose of obtaining damages against the members of the Commissioners' Court, or to recover the $15,000.00 claimed under this contract against Precinct No. 2, no recovery could be had against any of such parties.

It is ordered that that part of the judgment of the Court of Civil Appeals which reverses the judgment of the district court be affirmed. It is further ordered that that part of the judgment of the Court of Civil Appeals which remands this cause to the district court be reversed and set aside; and judgment

is now here rendered dismissing this cause in its entirety. A. W. Snyder & Company et al shall pay all costs in all courts.

Opinion delivered June 3, 1942.

Rehearing overruled July 15, 1942.