The jury resolved the voluntary nature of the confessions against the appellant, and we find them sufficiently corroborated so as to support this conviction.

We shall discuss the contentions advanced in appellant's brief. He first contends that the indictment is insufficient in that the phrases "by striking, knocking and breaking" and "motion picture projection equipment" were not sufficiently explicit to put the accused on notice as to the nature of the charge against him. In the transcript we find a motion to quash the indictment, but the same does not appear to have been called to the attention of the trial judge or that it was acted upon by him, thus nothing is presented for review by such motion. Perry v. State, 160 Tex.Cr.R. 8, 266 S.W.2d 171. We perceive no fundamental defect in the indictment.

Appellant next contends that error is reflected in the cross-examination of one of appellant's reputation witnesses. The witness was asked the following question:

"Mr. Cantu, I'll ask you whether you've heard discussed the fact that on the 26th day of June, 1956, Raul Uresti and one boy named Frank Guerrero broke into the Lackland Drive-In Theater."

An objection was made, the same was sustained, and the witness was then asked, and answered without objection, the following question:

"All right, Mr. Cantu, have you heard that Raul Uresti and one Frank Guerrero broke into the Lackland Drive-In Theater on the 26th day of June, 1956?"

 Under the holdings of this Court in Adams v. State, 158 Tex.Cr.R. 306, 255 S.W.2d 513; Adams v. State, 161 Tex. Cr.R. 120, 275 S.W.2d 687; Lowe v. State, Tex.Cr.App., 312 S.W.2d 382, and Torbert v. State, Tex.Cr.App., 313 S.W.2d 303, the second question was proper. We would not be inclined to hold that the addition of the words "the fact" in the unanswered question, in view of the court's ruling, would constitute reversible error.

Finding no reversible error, the judgment of the trial court is affirmed.

**DITTMAR & COMPANY, Inc., et al.,**
**Appellants,**

**v.**

**McMULLEN COUNTY RURAL HIGH SCHOOL DISTRICT et al.,**
**Appellees.**

**No. 13399.**

Court of Civil Appeals of Texas.

San Antonio.

Dec. 10, 1958.

Rehearing Denied Jan. 7, 1959.

Gaynor Kendall, Austin, for appellants.

J. C. Hinsley, Austin, for appellees.

POPE, Justice.

Dittmar & Company, Inc., and First Texas Corporation, sued McMullen County Rural High School District and its trustees for $6,000.00, which they claim the School District contracted to pay them. The trial court sustained special exceptions to plaintiffs' petition and upon their refusal to amend, dismissed the suit. The controlling question is whether a board of school trustees may contract to pay a bidder for his guarantee to buy bonds at an agreed price and rate of interest, even though the market deteriorates and the option to buy by the State Board is waived.

Voters in the School District authorized the issuance of $300,000 in bonds. The bonds were advertised for sale and there were two bids submitted. The bid submitted by plaintiffs was $28,445 better than the other bid. At the time of this bid, the State Board of Education had not met and had not had an opportunity to exercise its statutory option to purchase the bonds at the price offered by the best bona fide bidder. Art. 2673, Vernon's Ann.Civ.Stats. The situation which confronted the bidder and the School District was that the State Board would not meet for some time to elect whether to exercise its option, and the bond market was unsettled and was falling. The School District then entered into a contract with plaintiffs, by which the School District agreed to pay plaintiffs $6,000.00 for its contractual commitment to take the bonds at the price bid, if the State Board refused to purchase the bonds. The State Board elected to take the bonds at the price bid by plaintiffs. The School District then refused to pay the $6,000.00 and plaintiffs sued.

This case is controlled by Lockhart v. A. W. Snyder & Co., 139 Tex. 411, 163 S.W.2d 385, 391. In that case, Snyder & Company submitted a bid for road bonds at par, plus accrued interest, and a premium of $16,500.00. Snyder & Company and the Commissioners' Court entered into a contract by which Snyder & Company guaranteed to buy all the bonds at the price bid if the State Board of Education waived its option. The Commissioners' Court agreed to pay Snyder & Company the sum of $15,000.00 for this guaranty whether Snyder & Company purchased the bonds or not. The Supreme Court settled the law on these questions when it wrote:

"It is too evident to admit of debate that if this statute can be evaded by a bond . bidder offering one price for bonds, and then charging the price offered with a charge for bidding, and then compelling the State Board of Education to pay the price bid encumbered with the charge for bidding, the above statute is practically nullified, and the Board can never buy another bond, without paying the net or real price offered, plus the price charged for bidding."

The most that may be said for the contract between plaintiffs and the School District is that the District agreed to pay plaintiffs for a continuing bid, but that is still, as stated in the Lockhart case, charging the bond seller for making the bid.

The judgment is affirmed.