RICHARDS MANUFACTURING
COMPANY, Appellant,

v.

Robert ASPROMONTE et al., Appellees.

No. 16913.

Court of Civil Appeals of Texas,
Houston (1st Dist.).

Oct. 6, 1977.

Rehearing Denied Nov. 3, 1977.

Frank J. Knapp, Jeffrey C. Londa, Houston, for appellant; Butler, Binion, Rice, Cook & Knapp, Houston, of counsel.

Jamail & Gano, John Gano, Houston, for appellee Robert Aspromonte.

Michael Paul Graham, Ronald E. Cook, Les Cochran, Houston, for appellee Sears, Roebuck & Company, Inc.; Baker & Botts, Houston, of counsel.

COLEMAN, Chief Justice.

This is an appeal from a judgment entered on a jury verdict in a suit for damages resulting from personal injuries. The main questions presented concern the form of the damage issue, whether the appeal is moot in part, and questions relating to indemnity and contribution.

Robert Aspromonte filed suit against Richards Manufacturing Company, Sears, Roebuck & Company, General Motors Corporation, Delco Division of General Motors Corporation and Sam White Oldsmobile, seeking recovery for injuries received when he attempted to "jump-start" his automobile by use of jumper cables. General Motors Corporation, Delco Division of General Motors Corporation and Sam White Oldsmobile were dismissed from the case. Cross-actions for contribution and indemnity were filed by Sears, Roebuck & Company and Richards Manufacturing Company. Judgment was entered on a jury verdict awarding damages to Aspromonte against Sears, Roebuck & Company and Richards Manufacturing Company, and awarding Sears, Roebuck & Company full indemnity against Richards Manufacturing Company. Richards Manufacturing Company has appealed naming Robert Aspromonte and Sears, Roebuck & Company as appellees in his appeal bond.

■ Sears, Roebuck & Company perfected an appeal by filing its appeal bond. It failed to present a transcript within the time allowed by the Rules of Civil Procedure. Richards Manufacturing Company filed its record within the proper time period after its motion for new trial was overruled. Sears, Roebuck & Company failed to file a motion for new trial within the applicable period provided by the rules and was required to file its transcript in this court prior to the time the transcript filed by Richards Manufacturing Company was presented. Aspromonte filed a motion under Rule 387, T.R.C.P., to have the judgment as to Sears affirmed on certificate because of the failure to file the transcript of the record in the proper time. Where a transcript of record is not timely filed appellees' right to have the judgment of the trial court affirmed on certificate is absolute. *Smith v. Free*, 130 Tex. 23, 107 S.W.2d 588 (1937); *Jarrell v. Farmers' & Merchants' State Bond Bank*, 128 Tex. 332, 99 S.W.2d 281 (1936). Accordingly this court granted the motion to affirm on certificate and entered its order affirming the judgment of the trial court as to Sears, Roebuck & Company.

■ This court has been informed that Aspromonte secured the issuance of an execution against Sears, Roebuck & Company and that as a consequence the judgment has been paid in full by Sears. Aspromonte has now filed in this court his motion to dismiss the appeal of Richards Manufacturing Company so far as it affects the judgment rendered against it in favor of Aspromonte. The basis of the motion is that the judgment has been fully paid and satisfied and, therefore, discharged, extinguished and rendered functus officio. Aspromonte urges that since neither Sears nor Richards has any further liability under the judgment which he recovered, the appeal should be dismissed as moot insofar as it is directed at the judgment between Aspromonte and Richards.

In support of this position Aspromonte cites *Employees Finance Co. v. Lathram*, 369 S.W.2d 927 (Texas 1963). Lathram recovered a joint and several judgment against Employees Finance Co., United Finance & Thrift Corporation and others. United Finance & Thrift Corporation did not appeal, and upon issuance of a writ of execution, paid in full the amount of the judgment. The Supreme Court held that the appeal by Employees Finance Co. was moot since the judgment was fully satisfied.

The case at hand is not controlled by *Lathram*. Sears obtained a judgment over against Richards. Richards has presented a point complaining that the court erred in this respect and seeks rendition of a judgment in its favor for contribution. Richards asserts that the trial court erred in refusing to allow as a credit on the judgment against it the amount paid by General Motors to Aspromonte in settlement of his claim against it. If this point should be sustained, this court would be required to reverse the judgment obtained by Aspromonte against Richards and to render a judgment against Richards for a lesser amount. All issues which have been properly raised by Richards and which would affect the issues of contribution and indemnity between Sears and Richards should be determined on this appeal.

Both Richards and Sears assert that if this court concludes that Richards' points present reversible error the judgment should be reversed in its entirety and remanded for a new trial as to the liability of Sears as well as of Richards. Richards says that under such circumstances the appeal could not be moot.

█ It is the general rule that where one party appeals from a judgment, a reversal as to him will not justify a reversal against the other nonappealing parties. This rule does not apply in cases where the respective rights of the appealing and nonappealing parties are so interwoven or dependent on each other as to require a reversal of the whole judgment where a part thereof is reversed. *Lockhart v. A. W. Snyder & Co.*, 139 Tex. 411, 163 S.W.2d 385 (1942).

In *Saigh v. Monteith*, 147 Tex. 341, 215 S.W.2d 610 (1948) the court said:

"The rule has long been established in this court that circumstances may exist which will warrant the court in reversing judgment as between nonappealing parties. Under ordinary circumstances the court would have no jurisdiction to determine a controversy between parties not before it, but in a case where the court sustains an assignment of error, and the petitioner can be given full and effective relief in no other way than by a reversal of the judgment between nonappealing parties, then such reversal will be ordered. . . ."

The difficulty in applying in this case the doctrine of the cases cited above lies in the fact that Sears did perfect an appeal and that in disposing of that appeal this court has affirmed the judgment of the trial court insofar as it affects Sears. The judgment of affirmance was required by Rule 387, T.R.C.P. *Edwards v. Hughes*, 377 S.W.2d 235 (Tex.Civ.App.—Corpus Christi 1964, no writ history).

The appeal is not moot. Whether the judgment must be reversed in its entirety depends, at least in part, on the disposition of the points of error raised by Richards.

The trial court submitted this case to the jury on six special issues. In answer to Special Issues Nos. 1, 2 and 3, the jury found that Richards and Sears failed to give adequate warning and cautionary instruction regarding the use of the jumper cables, that the jumper cables were unreasonably dangerous to the ordinary user when put to their intended use without an adequate warning or cautionary instructions, and that the absence of an adequate warning and cautionary instructions was a producing cause of the occurrence in question.

In answer to Special Issues Nos. 4 and 5, the jury found that "Richards Manufacturing Co., the manufacturer, and Sears, Roebuck & Co., the seller, as regards the jumper cable, failed to give the type of warning that a reasonably prudent manufacturer

and seller of jumper cables would have given", and that such failure was a proximate cause of the incident in question.

Special Issue No. 6 reads:

"What sum of money, if any, if paid now in cash do you find from a preponderance of the evidence would fairly and reasonably compensate Bob Aspromonte for his injuries, if any, which you find from a preponderance of the evidence resulted from the absence of an adequate warning on the jumper cables in question, if any you have so found?"

By point of error number one Richards contends that the trial court erred in submitting Special Issue No. 6 insofar as said issue attempted to limit the jury's inquiry of damages to those following from the failure to warn in regard to the jumper cables, and in refusing to submit Richards' requested special issue inquiring as to the sum of money which would reasonably compensate Bob Aspromonte for his injuries, if any, which the jury might find from a preponderance of the evidence "resulted from the occurrence in question". Richards argues that the issue submitted by the trial court was an impermissible attempt to limit Richards' right of contribution or offset from a joint and settling tort-feasor. Objection to the charge on this ground was presented to the trial court.

In his second amended petition the plaintiff alleged that while the plaintiff was attempting to place the jumper cables from his personal vehicle onto another vehicle the Delco battery in that vehicle exploded causing the plaintiff serious injuries to his eyes and face. General Motors Corporation and Delco Division of General Motors Corporation manufactured the automobile in question and the Delco battery contained therein. Sears and Richards designed, manufactured and sold the jumper cables in question. He alleged that the jumper cables and the Delco battery were defective, and also alleged:

"The incident made the basis of this suit and plaintiff's resulting injuries and damages were caused by the breach of warranties and representations, written,

expressed and implied, on the part of the defendants and each of them, such defendants and each of them were negligent, and such negligence was a further cause of your plaintiff's injuries and damages, and plaintiff further relies on the doctrine of strict liability in tort, as that doctrine is applied in the State of Texas . . . ."

■ The answers to Special Issues 1, 2 and 3 provide a basis for a judgment against Sears and Richards for the damage which resulted from "the incident" or "occurrence". The damage issue, Special Issue No. 6, did not specifically require the jury to find the sum of money which would compensate Aspromonte for the injuries received as a result of "the incident", or the "occurrence". Nevertheless, the trial court was authorized to enter a judgment awarding Aspromonte the damages found because the jury found that the "occurrence" was produced by the absence of an adequate warning and cautionary instruction and also found that the same fault resulted in injuries to Aspromonte. *Scott v. Gardner*, 159 S.W.2d 121 (Tex.Civ.App.—Fort Worth 1942, err. ref.).

Similarly, Special Issues Nos. 4 and 5 merely established that Sears and Richards were guilty of negligent conduct which was a proximate cause of "the incident in question". Special Issue No. 6 did not establish that the injuries resulted from the incident. This must be established by a process of reasoning. The jury has found that Aspromonte was injured as a result of the absence of an adequate warning on the jumper cables and that the absence of such a warning was a proximate cause of the incident in question. The nature of the incident or the occurrence in question can be determined from the pleadings. In determining whether reversible error is present, the evidence must be considered. The jury was not misled by the wording of the damage issue, and did not attempt to apportion the damages. *Massingill v. Henwood*, 138 Tex. 317, 159 S.W.2d 118 (1942).

The plaintiff alleged that he was involved in one incident which resulted in injuries,

and that he sought compensation for his total injury. Rule 301, T.R.C.P. requires the trial court to render a judgment conforming to the pleadings insofar as they are supported by fact findings. *Starr v. Ferguson*, 140 Tex. 80, 166 S.W.2d 130 (1942). The pleadings reflect that the plaintiffs sought a recovery of damages for the injuries which he suffered in one incident, and that all parties involved in the incident were named in the petition. This is conclusively established by the evidence. If a fact finding be required that the injury suffered by Aspromonte was a result of the incident or occurrence in question, a finding to that effect would be implied in support of the judgment rendered. The plaintiff would be estopped by the judgment in this case from seeking further damages from Richards and Sears, and by the settlement agreement from seeking further damages from General Motors. *Permian Oil Co. v. Smith*, 129 Tex. 413, 107 S.W.2d 564 (1937).

Since it is fundamental that the judgment of the court must conform to the verdict, it is necessarily implied that the court must consider the verdict as a whole. *Teas v. Republic National Bank of Dallas*, 460 S.W.2d 233 (Tex.Civ.App.—Dallas 1970, writ ref'd n.r.e.). After considering the verdict as a whole in light of the pleadings and evidence the trial court has entered a judgment for all the damage which Aspromonte pled that he had sustained as a result of the incident. *C. C. Roddy, Inc. v. Carlisle*, 391 S.W.2d 765 (Tex.Civ.App.—Fort Worth 1965, writ ref'd n.r.e.); *Hartford Accident & Indemnity Co. v. Moore*, 102 S.W.2d 441 (Tex.Civ.App.—Dallas 1937, writ ref'd).

In support of their point of error that the damage issue was fatally defective, Richards and General Motors rely on *Riley v. Industrial Finance Service Company*, 157 Tex. 306, 302 S.W.2d 652 (1957). In *Riley* the court pointed out that where two or more wrongdoers join to produce an indivisible injury, all of the wrongdoers are jointly and severally liable to the person wronged for the entire damage suffered. Under such circumstances the plaintiff sustains but one injury and may receive but one satisfaction for such injury, although more than one person may contribute to the injury.

The damage issue submitted to the jury in *Riley* asked what sum of money would compensate the plaintiffs for damages "directly and proximately caused by the collection efforts [of] Industrial Finance Service Company, its agents and employees." With reference to this special issue the Supreme Court said:

"The submission by the trial court of the damages issue, under the facts of this cause, was error. This is true because the liability of the defendants was joint and several for the total amount of damages inflicted upon plaintiffs by all the defendants. . . . The submission, as made by the trial court, confined their liability to their own acts."

The court in *Riley* also dealt with the question of harmless error. The plaintiffs asserted that the damage issue given was more favorable to defendants than that to which they were entitled. The Supreme Court pointed out that it is a settled rule of law that a judgment rendered against one or all of the defendants in the case must be credited with the amount of money received by the plaintiff in their settlement with other original defendants. The court then held that the harmless error rule could not be applied because the issue, as submitted, will not permit the defendants to have credit for the amount of money paid by the other tort-feasors in settlement. "There being but one injury for which plaintiffs can receive but one satisfaction, defendants are entitled to have credited on the judgment against them all sums paid by others also liable to plaintiffs for the damages resulting from the common acts of all tort-feasors. This credit could not be given under the record as made in this case. Therefore, the defendants were harmed by the submission of the issue on damages in the form used by the court."

In *Riley* the plaintiffs filed suit against seventeen loan companies and three credit insurance companies for damages to plain-

tiffs, both physical and mental, brought about by the concerted action of all defendants by the use of unreasonably harsh collection efforts. The trial court entered an order separating the defendants into four groups and providing for separate trials for each group. Thereafter the court severed the cause of action as to one group and proceeded to trial in that case. Prior to the trial settlements were made with some of the defendants in a sum greater than the damages found by the jury in the case on trial. Plaintiffs were permitted to prove the course of conduct of all of the seventeen original defendants and there was testimony that the resulting injuries and damages could not be allocated among the defendants.

In *Riley* there were numerous separate incidents involving separate defendants joining to produce an indivisible injury. In the case under consideration there was one incident involving all defendants which produced an indivisible injury. General Motors and Delco Division of General Motors was dismissed from the case by the plaintiff. He informed the court that a settlement had been made and that he had received $100,000.00 in settlement.

Sam White Oldsmobile was named as a defendant in the plaintiff's petition and was named as a cross defendant by Richards. Richards has filed a motion for non-suit with prejudice as to General Motors, Delco Division of General Motors, and Sam White Oldsmobile. Aspromonte also filed a motion for non-suit with prejudice as to Sam White Oldsmobile. All parties shown by the pleadings and evidence to have participated in the incident causing injury to Aspromonte, and from whom Richards might assert a right to contribution were before the trial court. Because of the significant factual and procedural differences, and considerations of judicial economy, this is not a proper case for the application of the rule of Riley.

Aspromonte has recovered a judgment in the sum of $675,000.00 against Sears. No credit was allowed for the $100,000.00 received in settlement by Aspromonte from General Motors. Sears has a judgment against Richards for indemnity. Sears is before this court as appellee defending its judgment for indemnity.

■ The trial court erred in refusing to credit the $100,000.00 received by the plaintiff in settlement of his cause of action against General Motors and Delco Division of General Motors. *Bradshaw v. Baylor University*, 126 Tex. 99, 84 S.W.2d 703 (1935). *Sweep v. Lear Jet Corporation*, 412 F.2d 457 (5th Cir. 1969). This error will require a reversal of the judgment of the trial court and the rendition of a judgment reducing the damages adjudged against Sears and Richards to the sum of $575,-000.00. The respective rights of the appealing and nonappealing parties are so interwoven and dependent on each other as to require a reversal of the judgment against Sears as well as Richards, but only to the extent indicated. *Lockhart v. A. W. Snyder & Co.*, 139 Tex. 411, 163 S.W.2d 385 (1942); *Henger v. Cotton*, 159 Tex. 139, 316 S.W.2d 719 (1958).

It is true that Sears perfected its appeal from the judgment, and this court has affirmed that judgment as required by the Rules of Civil Procedure and the applicable authorities. We have found no case where this precise question has been presented. However, there is no essential difference between a case where a judgment has become final by failure to appeal, and one where the judgment has been affirmed on appeal. To make a distinction in such a case would be to ignore substance in order to respect form. Both Sears and Aspromonte are before this court in this appeal.

Richards contends that there is no evidence to support the answer made by the jury to Special Issue No. 6. Alternatively, Richards contends that the answer made by the jury is contrary to the great weight and preponderance of the evidence. The contention is also advanced that the verdict is excessive and that a remittitur should be ordered.

The no evidence point is primarily based on the assertion that in order to answer Special Issue No. 6 the jury is required to

determine a percentage of the damage which resulted from the faulty cables to the exclusion of the damage resulting from the allegedly faulty batteries supplied by General Motors and Sears. Since we consider that the issue required the jury to find all of the damage sustained by Aspromonte, the points relating to the evidentiary support for the jury's answer to the damage issue cannot be sustained.

There is testimony that both hydrogen and oxygen gases were accumulated inside the Delco battery as a result of a chemical process. These gases are vented through holes in the caps located on top of the battery. There was testimony that on the occasion in question sparks were produced when one of the jumper cables was manipulated while Aspromonte was in the process of starting his car. Expert testimony was produced that in the event a spark moved near enough to the vent hole the gas would ignite and flash back into the battery causing an explosion. On the occasion in question an explosion occurred propelling one of the battery caps into Aspromonte's right eye. He immediately suffered pain and lost the sight in that eye and was taken to the hospital. He was hospitalized for thirty days and has no sight in his right eye other than the ability to distinguish between light and dark. Mr. Aspromonte testified that he suffered pain in his eye up to and including the time of the trial.

A cosmetic change has occurred in the appearance of the right eye. There is evidence that the vision in the left eye has been affected to the point that Aspromonte is now required to wear glasses. He has no depth perception. Mr. Aspromonte was formerly a professional athlete, and at the time of the injury was frequently engaged in athletic pursuits such as golf and tennis. He testified that he can no longer engage in these recreational activities. He testified that his right eye is very sensitive and it "runs".

■ Mr. Aspromonte testified that there had been a total change in his life. That he had been very active and very aggressive, but now he feels that he must analyse every move that he makes. He testified that he spent 30 days in the hospital on his back without moving and the next six months in his home doing nothing. He said that the pain in his eye was always there and that he worries about the loss of his other eye. He is now unable to drive his automobile at night. Mr. Aspromonte was 38 years of age and had a long life expectancy. His impaired condition is permanent. There is testimony that he has suffered to a considerable degree physical pain and mental anguish in the past and that he will continue to do so in the future. The jury's verdict was not so excessive as to require a remittitur.

■ Richards asserts that the trial court erred in refusing to submit to the jury certain requested special issues relating to the battery which Aspromonte had purchased from Sears, Roebuck & Company and installed in his automobile. One series of issues was designed to determine whether or not Sears was negligent in failing to give adequate warning and cautionary instructions regarding the use of the sears battery and whether such a failure was negligence and a proximate cause of the occurrence in question. Another series of issues was requested designed to secure findings that the Sears battery was defective by reason of the absence of adequate warnings. Richards requested these issues on the theory that favorable answers to them would form a basis for indemnity or contribution in its favor as against Sears. There is nothing in the evidence to suggest that the Sears battery was unreasonably dangerous to its users in the sense that there was a danger to its user because of a possibility of explosion such as the one in question. It was not equipped with caps and there is no evidence that a flammable gas emanated from it. In connection with the occurrence in question its role was passive. The contention was made that had the battery been equipped with instructions relating to the proper procedure for its use in connection with jumper cables the injury may not have occurred. Aspromonte did not specifically plead that Sears was negli-

gent with regard to a failure to equip the battery with proper warnings or instructions. Richards plead generally a denial that the instance in question was caused by its negligence or that of any other defendant and asserted that if it be found that some negligence was involved "such negligence was the responsibility of cross-defendants herein." Richards pleadings failed to put in issue the negligence of Sears, if any, in failing to place appropriate warnings on its battery. Aspromonte did not request issues concerning the Sears' battery. The issue was not tried by consent. The trial court did not err in refusing the requested issues. Rule 279, T.R.C.P.; *Texas Employers Ins. Ass'n v. Patterson*, 144 Tex. 573, 192 S.W.2d 255 (1946); *City of Austin v. Selter*, 415 S.W.2d 489 (Tex.Civ. App.—Austin 1967, writ ref., n. r. e.).

Both Sears and Richards have been found guilty of negligence in failing to give adequate warnings and cautionary instructions regarding the use of the jumper cables in question. Richards contends that since it manufactured cables to Sears' specifications, Sears has breached a duty owing to it to specify that appropriate warnings be placed on the battery cables. Reasoning from this premise it contends that it was entitled to a judgment awarding it indemnity against Sears, and, in the alternative, it was entitled to receive contribution from Sears.

A written contract was entered into between Sears and Richards for the sale and purchase of the battery cables. This contract includes detailed specifications which the merchandise must meet. The contract provides:

"Such merchandise shall conform to the specifications set below or otherwise applicable to said merchandise . . .."

It provides:

"Each item of merchandise covered hereby is to be equal in quality, workmanship, finish and design to samples submitted to and approved by purchaser or to samples furnished to seller by purchaser . .."

The term merchandise is defined in the contract as including all packaging and containers employed in connection therewith and literature pertaining to such merchandise. The contract includes an indemnity agreement reading: "Seller agrees to protect, defend, hold harmless and indemnify purchaser from and against any and all claims, actions, liabilities losses, cost and expenses arising out of . . . actual or alleged injury to any person, . . . resulting or claimed to result in whole or in part from any actual or alleged defect in such merchandise, whether latent or patent, including actual or alleged improper construction of or design of merchandise or the failure of such merchandise to comply with . . . any express or implied warranties of seller, or out of any actual or alleged violation by such merchandise, or its manufacture, possession, use or sale, of any law, statute or ordinance or any governmental administrative order, rule, regulation . ."

"Seller agrees to obtain and maintain, at its expense, a policy or policies of products liability insurance, vendor's endorsement naming purchaser, in amounts and in such companies and containing such other provisions which shall be satisfactory to purchaser, covering merchandise sold to purchaser hereunder . . .." A paragraph is included specifically placing on Richards the duty to comply with certain rules, regulations and statutes relating to labeling of products. No specific provisions relating to warnings concerning, or instructions relating to, the *user* of the cables are included in this paragraph. There is a provision in the specifications that each cable set is to be packaged "in a sturdy corrugated display box with two color design approved by Sears, Roebuck and Company." The contract contains no provision directly requiring or prohibiting Richards from attaching to the cables appropriate cautionary warnings or instructions.

The indemnity provision in general terms requires the seller to hold the purchaser harmless against any and all liability for

injury to any person arising from a defect in the merchandise. It does not specifically require the seller to indemnify the purchaser against the purchaser's own negligence.

▮ Richards has by contract agreed to indemnify Sears for the liability which it has sustained insofar as the judgment is based on the findings related to products liability. The question arises as to whether this result is affected by the fact that the jury found both Sears and Richards joint tort-feasors. The jury has determined that both violated duties to the plaintiff. Ordinarily indemnity between joint tort-feasors is appropriate in Texas only when they are not in *pari delicto* as to each other. If Richards has violated a duty owed to Sears as well as the plaintiff and the plaintiff's injury resulted from the violation of this duty, then the trial court's judgment awarding indemnity to Sears is appropriate. *Austin Road Co. v. Pope*, 147 Tex. 430, 216 S.W.2d 563 (1949). In *Borg Warner Corporation v. White Motor Company*, 344 F.2d 412 (5th Cir. 1965), Borg Warner Corporation manufactured a clutch assembly which it furnished to White Motor Company for use in a Reo truck which it manufactured. The jury found White guilty of negligence in failing to provide proper specifications and design for the truck and its components. The clutch as such was not found defective. The jury found both White and Borg Warner guilty of negligence in failing to determine the suitability of the clutch for use in the truck. The court analyzed the findings of the jury and determined that both Borg Warner and White breached duties to each other resulting in injuries to the plaintiff. The court said:

" . . . It does not seem reasonable to conclude that a failure to provide proper specifications and design for the truck and its components was a breach of duty to the plaintiffs only and not to Borg, when Borg was the party from whom the clutch was obtained. Little would have been accomplished by furnishing such information to the plaintiffs."

The court found that White and Borg were in *pari delicto* and reversed a judgment of indemnity in favor of White against Borg.

▮ We have no doubt that the court was correct in its analysis of the facts and application of the law in the case discussed above. It does not follow, however, that the analysis made by the court in that case is applicable to facts in our case. We have no jury finding that Sears was negligent in failing to furnish proper specifications to Richards. The contract between the parties clearly evidences an intent to place the duty to provide a safe product on the manufacturer, Richards. The circumstance rendering the cables defective was the failure to attach a proper cautionary warning and instructions. The jury finding of negligence on the part of Sears is based upon that same failure. We conclude that Richards breached a duty to Sears in failing to furnish it a safe product. Richards owed a duty to furnish a safe product both to Sears and the ultimate user. The evidence does not establish that Sears owed a duty to Richards to include in its specifications the requirement that cautionary warning and instructions be attached to the jumper cables. The trial court did not err in awarding Sears indemnity against Richards.

▮ We have examined the photograph marked plaintiffs' exhibit 11, a picture taken by the operating surgeon after the eye was prepared for the operation, and do not find it inflammatory. We also conclude that a proper predicate was laid for its admission. In any event we do not consider that the admission of this photograph was reasonably calculated to and probably did influence the verdict of the jury.

The judgment is modified to decree that the damages found by the jury, $675,000.00, be reduced by the sum of $100,000.00, the amount received by Aspromonte in settlement of his claim against General Motors Corporation. In all other respects the judgment is affirmed.