## ALLEN V. RILEY ET UX v. INDUSTRIAL FINANCE SERVICE COMPANY ET AL.

No. A-6070. Decided May 15, 1957.
Rehearing overruled June 19, 1957.
(302 S.W. 2d Series 652.)

*Fritz & Vinson* and *Edwards C. Fritz* all of Dallas, for petitioners.

*Jackson C. Burroughs,* of Dallas, for respondent.

MR. JUSTICE GRIFFIN delivered the opinion of the Court.

Petitioners, who were plaintiffs in the trial court, filed suit against seventeen loan companies and three credit insurance companies (including respondents herein), as defendants, for usury and its penalties; for actual damages to plaintiffs, both physical and mental brought about by the concerted action of all defendants by the use of unreasonable, harsh and oppressive collection efforts; and for exemplary damages. The respondents in this cause were, in addition to Industrial Finance Service Company, Louis K. Cassett, J. H. Pollak and Joseph H. Pollak, who were alleged to be the owners of Industrial Finance Service Company.

Trial was to the court and a jury, and after the jury verdict judgment was returned for $494.14 usurious interest and penalties and $5,000.00 actual damages suffered by the two plaintiffs against the respondents only. The jury had answered the issues as to exemplary damages in the sum of $5,000, but the trial court disregarded such answers and rendered judgment

non obstante veredicto for defendants as to the exemplary damages. Upon appeal by the respondents herein to the Court of Civil Appeals that Court reversed the trial court on the ground that error had been committed in the submission of an issue inquiring of the jury the amount of damages suffered by plaintiffs which was attributable solely to respondents' conduct. That Court also held the plaintiffs were entitled to recover exemplary damages against the respondents, as found by the jury. The case was remanded generally for a retrial. 295 S.W. 2d 498. We affirm the judgment of the Court of Civil Appeals that this cause should be reversed and remanded.

The opinion of the Court of Civil Appeals makes a clear and complete statement of the case and we shall repeat only so much of the record as is necessary for an understanding of our opinion. The parties will be referred to as they appeared in the trial court. In 1951, when defendants, Industrial Finance Service Company and the other respondents herein, filed their answer to plaintiffs original petition, they filed a motion to dismiss plaintiffs' petition; or, in the alternative, to sever the cause of action as to Industrial Finance Service Company and its related defendants from the cause of action against all the other defendants upon the ground that there was a misjoinder of causes of action, as the transactions alleged by plaintiffs were separate and set up separate and severable causes of action against the defendants. The motion was never withdrawn or dismissed, nor does the record show any action by the trial court thereon.

Sometime prior to February 25, 1953, the trial court, on its own motion, entered an order separating the defendants into four groups and providing for a separate trial for each group. Plaintiffs vigorously protested the action of the trial court in so severing their cause of action and filed amended pleadings in response to the trial court's order. In their pleading plaintiffs contend for their right to have the cause tried as one cause against all the defendants in one suit. On May 28, 1953, the trial court, on its own motion, entered an order of severance and directed that plaintiffs' cause of action against the respondents herein be given a separate number on that court's docket. Still protesting and only in obedience to the trial court's order, plaintiffs filed their fourth amended petition naming only Industrial Finance Service Company and its related defendants as the defendants therein. They continued to allege practically the same grounds of liability as theretofore alleged.

The Industrial Finance Service Company replied to this pleading with its fifth amended answer. They pleaded in their amended answer that the acts of all of the other loan companies originally sued by plaintiffs, and each of them, were the *sole* proximate cause of plaintiffs injuries and damages, if any. The jury, in answer to appropriate issues, found that the acts of such other loan companies were *a proximate cause,* but not *the sole proximate cause* of plaintiffs' injuries.

In the trial of the case the plaintiffs were permitted to prove, over the objections of the defendants, the course of conduct of not only Industrial and its related defendants, but also of all other of the loan companies originally sued by plaintiffs. The objections made by the defendants to the introduction of the evidence were upon the ground, among others, "* * * that it [the evidence] must be tied down as against this Defendant. We are not liable for what anybody else did," and "* * * for the reason that the calls [telephone] are not identified and it is therefore an attempt to place the burden upon, the disadvantages upon this Defendant when the evidence shows conclusively that there were many others, and we are not responsible for what any other of these Loan Companies did. * * *" The trial court overruled this objection remarking, "I believe that is a matter to be taken care of in the charge."

■ Since the decision of this Court in Landers v. East Texas Salt Water Disposal Company, 1952, 151 Texas 251, 248 S.W. 2d 731, 734, where two or more wrongdoers join to produce an indivisible injury, all of the wrongdoers are jointly and severally liable to the person wronged for the entire damage suffered. The wronged person as plaintiff may sue one or more of the tort-feasors. If less than all tort-feasors are joined as defendants by plaintiff, then those joined may bring in the others. See also Baylor University v. Bradshaw, 52 S.W. 2d 1094, 1100, Texas Civ. App., affirmed 126 Texas 99, 84 S.W. 2d 84 and authorities therein cited; Austin Road Co. v. Pope, 1949, 147 Texas 430, 216 S.W. 2d 563.

■ The rule of law in this state is that a plaintiff having been injured by the same set of circumstances sustains but one injury and may receive but one satisfaction for such injury, although more than one person may contribute to such injury. Hunt v. Ziegler, Texas Civ. App., 1925, 271 S.W. 936, 938 (4, 5), affirmed 280 S.W. 546; Bradshaw v. Baylor University, 1935, 126 Texas 99, 84 S.W. 2d 703.

■ It is also the general rule that a valid release of one or more joint tort-feasors by the injured party will release all other tort-feasors contributing to the wrong unless the language of the release is such as to show the intention of the parties thereto that the tort-feasors not parties to the release are not discharged, but that the injured party is reserving his cause of action as to such unreleased wrongdoers. Restatement of the Law, Torts, Vol. 4, p. 460, 462, Sec. 885; City of Coleman v. Kenley, 168 S.W. 2d 926, Texas Civ. App., 1943, wr. ref. w.o.m.; Eckel v. First Nat. Bank of Fort Worth, Texas Civ. App., 1942, 165 S.W. 2d 776, 779, ref.; Harper and James, The Law of Torts, p. 708, Sec. 10.1; 50 A.L.R. 1056, 1072; 148 A.L.R. 1270, 1281; 36 Texas Jur. 823, et. seq.

■ The evidence in this cause shows that the injuries suffered by plaintiffs were caused by the acts of all the defendants in the manner in which they sought the collection of their debts. It is impossible to separate the damages suffered by plaintiffs so as to properly allocate a part of these damages to any one or more of the defendants. The plaintiffs have suffered an indivisible injury and damages flowing therefrom. This being true, each and every defendant is liable to plaintiffs for the total damages caused by all the tort-feasors. The only proper issue as to measure of damages is one which will find the total damages suffered by plaintiffs. Landers v. East Texas Salt Water Disposal Company, supra.

The trial court in his charge subitted Issue No. 18, inquiring what were Mr. Riley's actual damages "directly and proximately caused by the collection efforts, if any, of Industrial Finance Service Company. Issue No. 19 was in the same language except the damages inquired about were those suffered by Mrs. Riley. To the submissions of the liability of Industrial Finance Service Company alone, Industrial, at the proper time lodged its objections "* * * that the issue should be submitted as to the amount of total damages suffered by the plaintiffs. Otherwise, it will be impossible for the Court to give this defendant credit for the amount of settlements that he [plaintiffs] has made with the other people and other defendants in this case who by the uncontradicted testimony shows contributed to the plaintiffs total injury." The Court of Civil Appeals holds this objection to be sound and reverses the trial court for its submission of the damages issue as to Industrial Finance Service Company alone. We agree that a total damages issue should have been submitted by the trial court. The submission by the trial court of the damages issue, under the facts of this cause, was error. This is true

because the liability of the defendants was joint and several for the *total amount* of damages inflicted upon plaintiffs by all the defendants. Landers v. East Texas Salt Water Disposal Co., supra. The submission, as made by the trial court, confined their liability to their own acts.

■ It is the settled rule of law that any judgment rendered against one or all of the defendants must be credited with the amount of money received by plaintiffs in their settlements with other original defendants. Eckel v. First Nat. Bank of Fort Worth, supra; McMullen v. Coleman, Texas Civ. App., 1940, 135 S.W. 2d 776, no writ history; City of Coleman v. Kenley, supra; City of Coleman v. Smith, Texas Civ. App., 1943, 168 S.W. 2d 936, ref.; Baylor University v. Bradshaw, supra. If less than all defendants are sued, those against whom judgment is rendered may have contributions against those tort-feasors who are not parties to such suit and judgment. Article 2212, Vernon's Annotated Texas Civil Statutes; Union Bus Lines v. Byrd, 142 Texas 257, 177 S.W. 2d 774. Plaintiffs made settlement with some of the original defendants. In so far as they could do so by the wording of the releases and settlement agreements with those other defendants, plaintiffs released their causes of action against only those defendants with whom they had settled, and preserved their cause of action against all other defendants with whom they had not settled.

■ Plaintiffs further contend that the objection lodged by the defendants to the trial court's submission of the issue on damages was not sufficient. The Court of Civil Appeals has set out the objection and has held that the objection was sufficient. We affirm the Court of Civil Appeals' holding on this point.

Plaintiffs assert that even if it was error for the trial court to submit the damages issue in the form in which it was given, such error was harmless. It is said that the issue as given was more favorable to the defendants than that to which they were entitled. As given, the liability of defendants was limited to liability for its own act, whereas, under the law, defendants were liable for the total damages brought about not only by themselves, but also by all others who contributed to plaintiffs' injury and damages. We cannot apply the harmless error rule to this cause because the issue, as submitted, will not permit the defendants to have credit for the amount of money paid by the other tortfeasors in settlement of their liability to plaintiffs. There being but one injury for which plaintiffs can receive but one satisfaction, defendants are entitled to have credited on the judg-

ment against them all sums paid by others also liable to plaintiffs for the damages resulting from the commont acts of all tort-feasors. This credit could not be given under the record as made in this case. Therefore, the defendants were harmed by the submission of the issue on damages in the form used by the court.

■ This case must be reversed for the failure of the trial court to heed the objection of the defendants to Special Issues Nos. 18 and 19, and for not submitting to the jury an issue as to the total amount of damages suffered by the plaintiffs as a result of the action of all tort-feasors. However, the judgment for usury in the sum of $494.14 will be affirmed. The liability of these defendants for the usury charged by them was their own liability for which none of the other tort-feasors can be held liable. The cause of action for usury is severable from the cause of action for other damages and the judgment of the trial court should be affirmed.

In view of the reversal and remand of this case and the necessity for its retrial, we will say that under the facts and circumstances the trial court should set aside his order severing this cause into four trials, and this cause should be tried against all defendants in one and the same trial.

Judgment of the Court of Civil Appeals reversing the trial court's judgment as to the usury in the amount of $494.14 is reversed and the judgment of the trial court for this usury against the defendants herein is affirmed. In all other respects the judgment of the Court of Civil Appeals is affirmed. The costs in this cause are adjudged one-half against plaintiffs and one-half against the defendants.

Opinion delivered May 15, 1957.

MR. JUSTICE SMITH dissenting.

I respectfully dissent. The trial court ordered a severance upon motion of the respondents, as well as upon his own motion. The respondents' motion for severance was never withdrawn. At the time the severance was ordered by the trial court, the respondents made no objection thereto, but, on the other hand, proceeded to trial. Under the circumstances, I think that the trial court's order of severance was proper. This case is being reversed and remanded and the majority suggests to the trial court that on a retrial of this case that the trial court should set

aside his order severing this cause into four trials. This, in effect, is an implied holding that the trial court committed error in the first instance in ordering the severance. I not only think the severance as ordered by the trial court was proper, but I think the suggestion of the majority that the order be set aside is wholly unauthorized.

There are several phases of this case which show clearly that the trial court did not abuse his discretion in ordering the severance. I think that if upon a retrial of this case the trial court should be of the opinion, in determining whether or not to grant a motion for severance, that under all the circumstances taking into consideration the furtherance of convenience; the fact that there were a considerable number of parties, and that there was no joint liability for defendants' separate collections of usurious interest, or for statutory penalties thereon, and it is further made known that here is no joint liability for exemplary damages, then I think it would be an abuse of discretion for the trial court to refuse to grant the motion for severance. Under Rules 40, 41, 68, and 174, Texas Rules of Civil Procedure, the trial court has broad discretion in the matter of ordering separate trials and severances. Rule 40, after providing for permissive joinder of parties of certain classes, provides in paragraph (b) that the court "* * * may order separate trials or make other orders *to prevent delay or prejudice,*" and Rule 174, paragraph (b), provides that 'The court *in furtherance of convenience* * * * may order a separate trial of any claim * * * or of any separate issue * * *.' "

This case was not tried upon the wrong theory and there was no error in entering the order for severance and I can find no error in the manner in which the court submitted the issues to the jury. In fact, this was an errorless trial.

The majority has held that it was error for the trial court to refuse to submit the issue as to "total damages." The majority makes this holding without taking into consideration the fact that the trial court did nto abuse its discretion in granting the severance. The court submitted Special Issues 18 and 19 in such form that the rights of the respondents were adequately protected. The issues submitted confined the jury to a finding of damages in such sum of money which would reasonably and fairly compensate plaintiffs in damages directly and proximately caused by the collection efforts, if any, of the respondents, Industrial Finance Service Company, its agents and employees. The respondents suffered no injury. In fact, they were benefited,

if anything, by the case being severed and submitted as it was. The suit was for $32,141.75. The jury found that the total damages caused by the respondents was only $5,000 actual damages and $5,000 exemplary damages. Under the circumstances, the respondents are not entitled to any credit on the judgments, and the rule that credit for the amount previously or subsequently paid to the injured party by way of settlement or compromise made with other tort-feasors is not applicable.

Under Rule 434, Texas Rules of Civil Procedure, and under the record in this case, I would affirm the judgment of the trial court for actual damages as well as the judgment for $494.14 for usury. I would reverse the judgment of the trial court wherein it refused to render judment for $5,000 exemplary damages as found by the jury and enter judgment for that sum in favor of petitioners.

Adjudging that plaintiffs shall pay one-half of all costs incurred in the trial of this case from its inception until now is unwarranted. Under this record, the judgment should be as above indicated and all costs should be adjudged against the respondents.

Opinion delivered May 15, 1957.

Mr. Justice Garwood dissenting.

The respondents sought a severance and the court later granted one over the protest of the petitioners. I think it is fair to assume that the severance was brought about by the respondents. Under the circumstances of the case, this is the equivalent of saying that the respondents sought to have the case tried on the theory that the injury to the petitioners was not indivisible. There was no logical reason for a severance otherwise, and the trial court evidently so understood it when he submitted the damage issue on the basis of the damages caused by the respondents alone. I accordingly feel that the respondents are in no position to complain of the damage issue and that, the trial court evidently being in error in denying exemplary damages on motion for judgment notwithstanding the verdict, we should accordingly reverse both courts below in part and render judgment for the petitioners in the full amount reflected by the verdict.

Opinion delivered May 15, 1957.

Rehearing overruled June 19, 1957.