W. Lee MOORE, Jr., Appellant,

v.

Ruby SAVAGE, Appellee.

No. 3999.

Court of Civil Appeals of Texas.

Waco.

June 14, 1962.

Rehearing Denied July 19, 1962.

Fred S. Abney, Charles Ben Howell, Dallas, for appellant.

Fritz and Vinson, Dallas, for appellee.

McDONALD, Chief Justice.

This is an "unreasonable collection efforts" case. Arzalia Bailey, the borrower, and her employer, Ruby Savage, brought this suit for damages for excessive collection efforts by Signature Loans, Inc., alleging that W. Lee Moore, Jr. was alter ego thereof and jointly liable. Trial was to a jury. The jury, in answer to issues submitted, found:

1) Signature Loans made unreasonable collection efforts against Arzalia Bailey.

4) Arzalia Bailey did not suffer physical illness thereafter.

7) Signature Loans made unreasonable collection efforts against Ruby Savage.

8, 9) Such collection efforts against Ruby Savage were not made with reckless disregard to her health and welfare or for the purpose of causing her pain and suffering.

10) Ruby Savage suffered physical illness and mental or emotional pain thereafter.

11) The unreasonable collection efforts were a proximate cause of the physical illness and mental and emotional pain.

14) Ruby Savage's damages for such mental and emotional pain and physical illness were $500.

15) Ruby Savage is entitled to exemplary damages in the amount of $850.

The Trial Court rendered judgment for Ruby Savage only, for $500 against Signature Loans, Inc., and W. Lee Moore, Jr. W. Lee Moore, Jr. only, appeals, contending:

1) There can be *no* recovery in an "unreasonable collection efforts" case, unless the collection efforts be "wilful and malicious," as distinguished from being merely "negligent."

2) Issue 7, and the instruction concerning same, submitted to the jury by the Trial Court were erroneous.

3) W. Lee Moore, Jr., as officer and controlling stockholder of Signature Loans, Inc. is not liable personally for the torts of the corporation, and the evidence is insufficient to so hold him.

We revert to contentions 1 and 2. The Trial Court submitted Issue 7 as follows: "Do you find from a preponderance of the evidence that Signature Loans, Inc., through its agents, servants, or employees after December 19, 1957, made any unreasonable collection efforts upon Ruby Savage? Answer 'Yes,' or 'No.'" The Court instructed the jury: "By the term 'unreasonable collection efforts,' as used in this charge, means such efforts as a person of ordinary care and prudence would not have used under the same or similar circumstances." The jury answered the issue "Yes."

Defendant contends that there can be no recovery in this type of case unless the collection efforts are "wilful and malicious" as distinguished from being merely "negligent." Defendant further contends that to sustain recovery, plaintiff must prove defendant "intended" to cause her physical or emotional distress. Defendant further asserts that "A creditor has the right to be unreasonable. A creditor has no right to be outrageous."

We reject the contentions. Wilful and malicious conduct are prerequisites to plaintiff's recovery of exemplary damages, but not to actual damages. Negligent conduct of defendant which results in physical illness and mental or emotional pain, supports an award of actual damages. The record here reflects that Signature Loans' employees called plaintiff's business 15 times per day for some 3 months (albeit to collect the debt of Arzalia Bailey); demanded of Mrs. Savage at least twice that she pay Arzalia's debt; defendant's employee came out to Mrs. Savage's business, a pre-school nursery, and made demands for payment in person of Arzalia, and of Mrs. Savage. The telephone calls to the nursery stopped only after Mrs. Savage complained to the police. Mrs. Savage begged defendants not to call, since her phone was for the business of the pre-school kindergarten.

The calls and efforts caused Mrs. Savage to be nervous, sleepless, have chest pains, and to go to the doctor. She suffered a heart attack and nervous exhaustion. She suffered a pre-existing allergy which became worse when she was nervous or upset, and became worse when Signature Loans was calling.

Mrs. Savage had no responsibility to pay Arzalia's debt. We think the efforts against Mrs. Savage harsh, unreasonable, harassing and negligent. Moreover, it is more unreasonable to harass someone who does not owe a debt than it is to harass someone who does owe a debt.

■ It is our view that to make out a cause of action in "unreasonable collection effort" cases, it is unnecessary to plead or prove wilfulness or maliciousness, and that negligence causing physical illness will support recovery of actual damages. See: Wright v. E-Z Finance Co., Tex.Civ. App. (n. r. e.), 267 S.W.2d 602; Industrial Finance Ser. Co. v. Riley, Tex.Civ.App., 295 S.W.2d 498, affirmed 157 Tex. 306, 302 S.W.2d 652; Allison v. Simmons, Tex.Civ. App. (n. r. e.) 306 S.W.2d 206; Advance Loan Serv. v. Mandik, Tex.Civ.App., 306 S.W.2d 754; Western Guaranty Loan Co. v. Dean, Tex.Civ.App. (n. r. e.), 309 S.W. 2d 857.

■ The record here reflects ample evidence to support the verdict and judgment, and same are not against the great weight and preponderance of the evidence under the rule of In re King's Estate, 150 Tex. 662, 244 S.W.2d 660.

■ Defendant's 3rd contention asserts that he is not personally liable for the torts of Signature Loans, Inc. It is undisputed that defendant Moore was President and controlling stockholder of Signature Loans, Inc.; that he exercised complete and independent control of the corporation. Under the record, the facts are sufficient to support the Trial Court's conclusion that the "alter ego" should be held personally liable. Oriental Investment Co. v. Barclay, 25 Tex.Civ.App. 543, 64 S.W. 80; Bush v. Gaffney, Tex.Civ.App., 84 S.W.2d 759; Gamer Paper Co. v. Tuscany, Tex.Civ.App., 264 S.W. 132; Bergman Drive-In, Inc. v. Houston Sash and Door Co., Tex.Civ.App., 256 S.W.2d 661.

All of defendant's points and the contentions thereunder made are overruled and the judgment of the Trial Court is affirmed.