**EMPLOYEE FINANCE COMPANY et al.,**
Appellants,

v.

**Crit C. LATHRAM, Appellee.**
No. 16376.

Court of Civil Appeals of Texas.
Fort Worth.
Dec. 28, 1962.

Rehearing Denied Jan. 25, 1963.

Abney, Howell, Abramson & Burleson, Fred S. Abney and Carl Abramson, Dallas, for appellants.

Fritz & Vinson, and Edward C. Fritz, Dallas, for appellee.

RENFRO, Justice.

The plaintiff Crit C. Lathram recovered judgment against Employees Finance Company, First Finance Service, Texas Finance Company, Union Finance Company, W. Lee Moore, Jr., United Finance & Thrift Corporation, and State Loan & Finance Corporation for damages by reason of payment of usurious interest, and actual damages for physical injuries sustained by plaintiff and his wife by reason of defendants' wrongful collection efforts. Plaintiff also plead for exemplary damages, but failed to obtain jury findings to support such damage.

Based upon the jury verdict (which required the jury to make 201 findings), judgment in the amount of $2,900 was adjudged against the defendants, jointly and severally, for actual damages resulting from unreasonable collection efforts.

Defendants United Finance & Thrift Corporation and State Loan & Finance Corporation did not appeal. The other defendants named above appealed and will be referred to as appellants.

In their first two points of error the appellants object to issue No. 13 (similar issues were submitted separately as to each defendant) and its accompanying instruction. The issue read: "Do you find from a preponderance of the evidence that (name of defendant) through its agents, servants or employees made any unreasonable collection efforts against Mr. Crit C. Lathram, from on or about May, 1957?" The jury answered "Yes".

The jury found that such collection efforts of (named defendant) were a proxi-

mate cause of any mental or emotional pain and physical illness of plaintiff.

Unreasonable collection efforts were defined by the court as efforts which a person of ordinary prudence in the exercise of ordinary care on his part would not have exercised under the same or similar circumstances.

Appellants contend that in order for collection efforts to be actionable it must be found that the creditor or his agents intentionally or wantonly inflicted mental distress of such a kind or character as was likely to cause physical harm.

An identical issue and instructions thereto were under attack in Moore v. Savage, Tex.Civ.App., 359 S.W.2d 95. The court held: "We reject the contentions. Wilful and malicious conduct are prerequisites to plaintiff's recovery of exemplary damages, but not to actual damages. Negligent conduct of defendant which results in physical illness and mental or emotional pain, supports an award of actual damages. * * * It is our view that to make out a cause of action in 'unreasonable collection effort' cases, it is unnecessary to plead or prove wilfulness or maliciousness, and that negligence causing physical illness will support recovery of actual damages. See: Wright v. E-Z Finance Co., Tex.Civ.App. (n. r. e.), 267 S.W.2d 602; Industrial Finance Ser. Co. v. Riley, Tex.Civ.App., 295 S.W.2d 498, affirmed 157 Tex. 306, 302 S. W.2d 652; Allison v. Simmons, Tex.Civ. App. (n. r. e.), 306 S.W.2d 206; Advance Loan Serv. v. Mandik, Tex.Civ.App., 306 S.W.2d 754; Western Guaranty Loan Co. v. Dean, Tex.Civ.App. (n. r. e), 309 S.W. 2d 857." See Ware v. Paxton, Tex.Civ. App., 352 S.W.2d 520; Ware v. Paxton, Tex.Sup., 359 S.W.2d 897.

The appellants make no complaint that there is no evidence to support the jury findings of unreasonable collection efforts and the actual damages awarded therefor.

The points of error are overruled.

■ In point three appellants attack the issues on unreasonable collection efforts as being in global form.

The plaintiff pleaded and proved that all the appellants were guilty of unreasonable collection efforts. Separate issues were submitted as to each defendant concerning the question of unreasonable collection efforts. Under the record, as presented to us, we think there was no error in failing to ask the jury if each defendant committed each act of the multitude of acts in evidence. The issues as presented were, from the nature of this case, ultimate issues.

■ Appellants contend the court erred in sustaining exceptions to their plea of contributory negligence on the part of plaintiff. The plea in substance alleged that plaintiff and wife lived above their means and continued to contract debts and to make so many loans from various lenders that their combined commitments were beyond their ability to meet. We fail to see how plaintiff's improvident condition was a defense to appellants' unreasonable collection efforts.

In addition to actual damages, the judgment awarded plaintiff double damages against each appellant for usury payments received by each appellant.

Appellants contend the plaintiff waived submission of necessary issues to support usury penalties. By cross-points plaintiff contends he should have been awarded more than the court allowed.

Appellants objected to proposed usury issues as being multifarious and evidentiary.

The appellants stipulated that the court might enter whatever judgment the plaintiff would be entitled to as if the jury had answered all usury questions favorably to the plaintiff. The issues were thereupon withdrawn from the charge and were not submitted to the jury.

Based upon the evidence, including scores of exhibits, and the stipulation, the amount

of usury found by the court as to each appellant is fully supported by the record.

The evidence was not such as to require the court to find in plaintiff's favor on some of his claimed payments of interest. The question of usury is generally one of fact. Andrews v. Hoxie, 5 Tex. 171. Since the parties in effect agreed to leave the question of usury to the determination of the trial court, we are bound by his finding that some of the disputed payments were not payments of interest.

Since the proposed issues were not submitted to the jury, it matters not that they may have been multifarious.

Appellants' points five and six and plaintiff's cross-points are overruled. ·

The judgment is affirmed.