**UNITED FINANCE & THRIFT CORPORATION OF MESQUITE et al., Appellants,**

v.

**James BAIN et ux., Appellees.**

**No. 133.**

Court of Civil Appeals of Texas.

Tyler.

July 15, 1965.

Rehearing Denied Sept. 16, 1965.

**430**

Burt Berry, Irion, Cain, Cocke & Magee, James A. Williams, Bailey & Williams, Dallas, for appellants.

Edward C. Fritz, Fritz & Vinson, Dallas, for appellees.

DUNAGAN, Chief Justice.

Appellee, James Bain, instituted suit against the appellant, United Finance & Thrift Corporation of Mesquite and its parent corporation, State Loan & Finance Corporation, for damages allegedly resulting to Bain and his wife, Beverly Bain, from the efforts of the loan company to collect a delinquent obligation owed it by Bain.

Trial was had before a jury, upon Special Issues, and the jury found that United Finance & Thrift Corporation had made "unreasonable collection efforts" upon appellee's wife; that such collection efforts were a proximate cause of the mental or emotional pain and physical illness to her, and that she was entitled to $3,500.00 as actual damages for such pain and illness. The jury found no unreasonable collection efforts were made on James Bain.

Appellants' motion for judgment was overruled, and judgment was entered for appellee in the amount of $3,500.00. Appellants duly excepted and gave notice of appeal.

In its first point on appeal, United Finance & Thrift Corporation says that the trial court erred in basing judgment on the finding of "unreasonable collection efforts" whereas the proper test is whether the creditor or its agents intentionally or wantonly inflicted mental stress of such a kind or character as was likely to cause physical harm.

The jury found in answer to Special Issue No. 3 that United Finance, through its agents, servants and employees, made unreasonable collection efforts upon Beverly Bain.

The court defined the phrase "unreasonable collection efforts" as meaning: "* * * collection efforts, which a person of ordinary prudence, in the exercise of ordinary care, would not have made under the same or similar circumstances."

In answer to Special Issue No. 5 the jury found that such unreasonable collection efforts were not made with reckless disregard of the health and welfare of Beverly Bain.

In answer to Special Issue No. 7 the jury found that United Finance & Thrift Corporation, through its agents, servants

and employees did not act with malice towards Beverly Bain.

■ Appellants contend that in order for collection efforts to be actionable, it must be found that the creditor or its agents intentionally or wantonly inflicted mental distress of such a kind or character that was likely to cause physical harm.

An identical issue and instructions thereto were under attack in Moore v. Savage, 359 S.W.2d 95, (Tex.Civ.App.) 1962, (writ refused, n. r. e., 362 S.W.2d 298) and substantially the same contentions were made that appellants urge here. The court held:

"* * * Wilful and malicious conduct are prerequisites to plaintiff's recovery of exemplary damages, but not to actual damages. Negligent conduct of defendant which results in physical illness and mental or emotional pain, supports an award of actual damages. * * *

"It is our view that to make out a cause of action in 'unreasonable collection effort' cases, it is unnecessary to plead or prove wilfulness or maliciousness, and that negligence causing physical illness will support recovery of actual damages. See: Wright v. E–Z Finance Co., Tex.Civ. App. (n. r. e.), 267 S.W.2d 602; Industrial Finance Ser. Co. v. Riley, Tex.Civ.App., 295 S.W.2d 498, affirmed 157 Tex. 306, 302 S.W.2d 652; Allison v. Simmons, Tex.Civ.App. (n. r. e.) 306 S.W.2d 206; Advance Loan Serv. v. Mandik, Tex.Civ.App., 306 S.W.2d 754; Western Guaranty Loan Co. v. Dean, Tex.Civ.App. (n. r. e.), 309 S.W.2d 857."

The appellants make no complaint that there is no evidence to support the jury findings of unreasonable collection efforts.

■ The appellants next complain in Point 2 that the court erred in submitting to the jury Special Issue No. 3 for the reason that said issue submitted in a global form an issue of ordinary negligence without separating and inquiring about the several particular elements that allegedly constituted the "unreasonable" collection efforts pleaded by appellee. This very contention was made in the case of Employee Finance Company v. Lathram, 363 S.W.2d 899, (Tex.Civ.App.) 1962, and the court held that the issues on an unreasonable collection effort did not have to be broken down into separate issues as to each of the numerous acts involved. The Supreme Court granted a writ of error on other points, but failed to grant error on the point in the application for writ of error as to global submission. This case was followed in Signature Endorsement Company v. Wilson, in an opinion delivered by the Texarkana Court of Civil Appeals on June 8, 1965, 392 S.W.2d 484.

Appellants contend in its Points 3 and 4: (1) that there is no evidence; (2) that the evidence is insufficient to support the jury finding to Special Issue No. 9 regarding proximate cause of the alleged mental and physical injuries of Beverly Bain. The appellants further contend that the jury's finding to Special Issue No. 9 that the unreasonable collection efforts of appellants were a proximate cause of the mental and physical injuries of Beverly Bain is against the great weight and preponderance of the evidence.

The appellants next contend in its Points 6 and 7: (1) there is no competent evidence; (2) that the evidence is insufficient to support the finding of the jury in response to Special Issue No. 11 that Beverly Bain had sustained $3,500.00 actual damages for her mental and physical injuries, and such finding is against the great weight and preponderance of the evidence.

There was testimony that United Finance participated in a course of harassment from March 29, 1961, to March, 1963, which particularly featured telephone calls as often as one a day (and sometime even more often) and personal visits as often as once a day (and on some oc-

casions up to three a day), frequently in a harsh and loud voice, including one incident of trespass in which the collector got his foot in the door of the plaintiffs' home against the instructions of plaintiff's wife. Some of the calls were as early as 6:00 a. m. and as late as 11:30 p. m. The collectors used such words as hell and damn and called plaintiff a deadbeat. They made insinuations to plaintiff's wife about plaintiff's business difficulties and value as a husband. The harassment included calls at the home of plaintiffs' neighbors. There were also written demands, including a special delivery letter and a teleg·am, threatening to take plaintiffs' furniture. On occasions when admitted into plaintiffs' home, the collectors would repeatedly check the furniture· as a reminder to plaintiff and his wife that they were going to take it away if plaintiffs didn't pay immediately. The United Finance collectors continued these actions even on the day plaintiff and his wife brought their sick baby home from the hospital and even after the plaintiff's wife explained this to United Finance collectors and asked not to be bothered. The collectors persisted in bothering plaintiff's wife even though she repeatedly told them they were disturbing the children and she had no money and the husband handled the financial affairs.

The testimony further showed that as this course of harassment developed, Mrs. Bain became emotionally upset and contracted severe splitting headaches which became more and more frequent to the course of harassment until they were daily. She became nauseated and sick at her stomach most of the time to the extent she would vomit after phone calls and visits and began to have fainting spells and blackouts. She became numb all over. She became so sick that she could not do her housework, such as preparing meals and had to stay in bed most of the time.

The record here reflects ample evidence to support the verdict and judgment, and same are not against the great weight and preponderance of the evidence under the rule of In re King's Estate, 150 Tex. 622, 244 S.W.2d 660.

All of defendants' points and the contentions thereunder made are overruled and the judgment of the trial court is affirmed.