Raymond SALAZAR, Appellant,

v.

BOND FINANCE COMPANY et al.,
Appellees.

No. 16833.

Court of Civil Appeals of Texas.

Dallas.

Dec. 16, 1966.

Rehearing Denied Jan. 20, 1967.

**840**

Edward R. Vinson, of Fritz, Vinson & Turley, Dallas, for appellant.

Burt Berry, James A. Williams, of Bailey, Williams, Weber & Allums, Dallas, for appellees.

DIXON, Chief Justice.

Appellant Raymond Salazar sued appellees Bond Finance Company, hereinafter called Bond, and Pacific Finance Loans, hereinafter called Pacific, for double damages for usurious interest paid on loans made during a period beginning in 1962. Appellant also sued for actual and exemplary damages to himself and his wife resulting from alleged unreasonable collection efforts.

On the first day of trial, before a jury was impanelled, Bond stipulated that appellant had actually received the sum of $240.30 as a loan and had paid back the sum of $330.07, or $89.77 more than he had received. Bond then confessed judgment on the usurious interest count for twice the last named amount, or $179.54.

Also on the first day of trial, before a jury had been impanelled, Pacific stipulated that appellant had actually received the sum of $348.03 as a loan and had paid back the sum of $464.00, or $115.97 more than he had received. Pacific then confessed judgment on the usurious interest count for twice the last named amount, or $231.94.

On the basis of the above stipulations the trial court rendered interlocutory judgments of $179.54 against Bond and $231.94 against Pacific, being double the amount of usury charged. Art. 5073, Vernon's Ann.Civ.St.

The court made an entry on his docket sheet as follows: "Defendants confess out of Jury Presence Judgment as to usury items —Issues pertain to Collection efforts." In the written interlocutory judgment against appellees for usurious interest the court decreed that in the trial of the causes of action for actual and exemplary damages for unreasonable collection efforts none of the parties would be "permitted to submit any evidence upon the question of usury, or discuss usury in their jury argument." Appellant excepted to the above restrictive order of the court.

During the ensuing jury trial on the issues of unreasonable collection efforts appellant sought to introduce the evidence necessary to inform the jury that appellant had paid in full the amount of money he legally owed on the loans in question, and that appellees had used unreasonable efforts to collect and had collected usurious interest. The court sustained appellees' objections to such evidence.

The jury answered special issues to the effect that neither Bond nor Pacific had made any unreasonable collection efforts against appellant or his wife and that appellant had failed to exercise ordinary care in making his payments to appellees. Based on the jury verdict judgment was rendered in favor of appellees on appellant's cause of action for alleged unreasonable collection efforts.

In his first point on appeal appellant says that the court erred in excluding from the jury the evidence of usury and in directing

appellant not even to discuss usury in jury argument.

■ We agree with appellant. In our opinion the evidence of usury is relevant and material and is a factor to be considered in determining the question of the unreasonableness of appellees' collection efforts in this case. Appellees brought pressure to bear on appellant to pay money which they confess he did not legally owe. As said in Moore v. Savage, Tex.Civ.App., 359 S.W.2d 95, 96 (ref. n. r. e. 362 S.W.2d 298), " * * it is more unreasonable to harass someone who does not owe a debt than it is to harass someone who does owe a debt." We know of no case which is altogether in point, but the opinions in other cases lend support to our holding. Signature Indorsement Co. v. Wilson, 392 S.W.2d 484, 489 (ref. n. r. e.); Houston-American v. Tate, Tex.Civ.App., 358 S.W.2d 645, 652 (no writ hist.); Ware v. Paxton, Tex.Civ.App., 352 S.W.2d 520, 525 (aff. in part, rev. in part, 359 S.W.2d 897).

Moreover, in the light of the record before us we are convinced that the exclusion of evidence and oral argument in regard to usury was reasonably calculated to cause and probably did cause the rendition of an improper verdict and judgment in this case. Rule 434, Vernon's Texas Rules of Civil Procedure. Appellant's first point is sustained.

Appellant in his petition charges that appellees used unreasonable collection efforts and, in the alternative, were negligent in their efforts to collect usurious interest. In their answers appellees pleaded contributory negligence on the part of appellant in making payments. Appellant excepted to appellees' pleading of contributory negligence, but his exceptions were overruled.

■ In his second and third points on appeal appellant says that the court erred in overruling his objections to submission of Special Issues Nos. 27 and 30, which inquired of the jury whether appellant failed to use ordinary care in making payments to appellees. Appellant objected on the ground that appellees' pleadings of contributory negligence failed to state a defense to appellant's cause of action and said pleadings were not sufficient to justify the submission of said issues.* The court overruled these objections. The jury answered both issues in the affirmative.

The point has been passed on favorably to appellant's contentions. Employee Finance Co. et al. v. Lathram, Tex.Civ.App., 363 S. W.2d 899.

Our Supreme Court in 369 S.W.2d 927, 929-930 reversed the judgment of the Court of Civil Appeals in the Lathram case because other defendants, who had not appealed, had paid the judgment in full, therefore the questions presented by petitioners had become moot. In so doing the Supreme Court said, "For purposes of this opinion we may assume, *without deciding*, that the points of error are good and should be sustained." (Emphasis ours.) Then the court made it very plain in additional statements that it was not deciding the issues presented by petitioners. See also Signature Indorsement Co. v. Wilson, 392 S.W.2d 484, 487. Appellant's second and third points are sustained.

In sustaining appellant's second and third points we do not hold that a debtor's con-

---

* Appellees' pleadings of contributory negligence may be summarized as follows:

(1) Appellant was borrowing money from other lending establishments at the same time when he knew or should have known that he could not make the various scheduled payments.

(2) Appellant failed to inform appellees that he felt he was being mistreated although he had already employed a law firm to file suit.

(3) Appellant continually promised payments in the immediate future though he knew he would be unable to make such payments.

(4) Appellant failed to avoid and minimize the consequences he and his wife may have sustained by their conduct in borrowing money from various companies and failing to notify appellees thereof.

(5) Appellant failed to keep appellees informed of his financial circumstances.

tributory negligence could never under any circumstances constitute a defense to a creditor's negligent collection efforts. What we are holding here is that appellees' pleadings of contributory negligence do not state a defense in this case.

If we be mistaken in sustaining appellant's second and third points we nevertheless sustain appellant's fourth point. In it appellant asserts that there is no evidence to support the submission of Special Issues Nos. 27 and 30. Again we agree with appellant. In connection with this point it is necessary for us to review the evidence.

■ In the first place the record before us is almost barren of evidence concerning the circumstances in regard to the payments made by appellant. By direction of the court the evidence before the jury was limited to appellees' collection efforts. Appellees in confessing judgment as to usury stipulated the total amounts of cash received by appellant and the total amounts paid back by him. But the court refused to permit the stipulations to go to the jury. There is no evidence as to the dates of any of the loans, or of the amounts of the loans, or the amounts of the notes. Appellees' managers testified from cards showing the numbers and dates of letters, of phone calls to appellant at his home and at his place of employment, and of personal visits of appellees' collectors. The reverse side of those cards showed the amounts and dates of payments, but this information was not permitted to go to the jury. Appellant and his wife testified that they did get behind in their payments to appellees, but because of appellees' objections practically no evidence went to the jury concerning the circumstances attending the individual payments made by appellant. Appellees' managers did testify as to a few of the payments and dates of said payments made by appellant. But said testimony fails to shed any light on the question of contributory negligence. The mere facts that appellant got behind in his payments and that he failed to meet some of his commitments do not of themselves constitute contributory negligence. The evidence does show that appellant finally succeeded in paying appellees all that he legally owed them— in fact more than he owed them, including usurious interest. Since it was at the behest of appellees that the court firmly excluded nearly all the evidence in regard to the circumstances connected with appellant's payments, appellees are hardly in position to say that the evidence supported the jury's verdict that appellant failed to use ordinary care in making his payments.

In the second place the evidence which did find its way into the record gives no support whatever to appellees' claim that appellant failed to use ordinary care in making his payments.

Appellant Raymond Salazar and his wife Joan Salazar are of Latin American descent. He never attended school. His native tongue is Spanish. He does not speak or understand the English language well. She has only a third grade education. They have nine children, six of whom lived with them during the time here involved. For four years he has been employed as a yard maintenance man at the Wynnewood Apartments. His salary during the times material here was $42.00 per week. His employer testified that he is reliable. He sometimes supplemented his salary by playing in a band on weekends, for which he received $10.00 each time he played. Mrs. Salazar is a housewife. She has no outside employment. During 1962–1964 she went to the hospital five times for operations.

The oldest child who now lives with them is their daughter Dolores who at the time of the trial in 1966 was seventeen years of age. Some time ago Dolores dropped out of day school and now works at a "plastic company" from 8:00 o'clock A.M. to 4:30 o'clock P.M. at a salary of $50.00 a week. She is attending night school.

The Salazars bought a used automobile, but lost it through foreclosure. At one time they could not pay their household gas bill because they had used their available

money to pay other bills. As a consequence their household gas supply was cut off.

■ The undisputed evidence shows that appellant and his family were in necessitous circumstances during all times material to this controversy. Most of the testimony in that regard came from appellant and members of his family. They were interested witnesses and ordinarily the testimony of interested witnesses, though uncontradicted, raises a fact issue. But the rule is otherwise when the testimony is direct and positive and there are no circumstances that tend to impeach it, and the opposing party fails to dispute the testimony or fails to use available means to test the truth of the uncontradicted testimony of an interested witness. See 56 Tex.Jur.2d 550 and cases there cited. In this case the record does not show that any attempt was made to examine hospital records to test the truth of Mrs. Salazar's testimony of her operations; or to obtain information from the gas company in regard to the cutting off of the Salazar's household gas supply; or to prove by Salazar's employer, who was a witness, that Salazar was not telling the truth when he testified that he was paid a salary of only $42.00 per week. Under the circumstances the uncontradicted testimony of appellant's family in regard to their financial straits must be accepted as true. And neither in their testimony nor in the testimony of any other witnesses do we find any evidence that appellant failed to use ordinary care in making payments to appellees. In discussing claims of contributory negligence similar to those made here Judge Renfro of the Forth Worth Court of Civil Appeals in Employee Finance Co. v. Lathram, 363 S.W. 2d 899, 901 said, "We fail to see how plaintiff's improvident condition was a defense to appellants' unreasonable collection efforts." We agree with Judge Renfro's statement. Appellant's fourth point is sustained.

In his fifth point appellant asserts that there was insufficient evidence to support the submission of Special Issues Nos. 27 and 30. In view of our sustaining appellant's

fourth point his fifth point becomes immaterial and we shall not pass on it.

The judgment of the trial court in regard to usurious interest will be affirmed. The judgment with reference to appellant's cause of action for unreasonable collection efforts will be reversed and remanded for a new trial.

Affirmed in part and reversed in part.