# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
September 14, 2012

Lyle W. Cayce
Clerk

No.12-10136
Summary Calendar

DR. JANE GRAYSON WIGGINTON,

Plaintiff - Appellant

v.

THE BANK OF NEW YORK MELLON,
as Trustee for the Benefit of the
Certificateholders Cwabs, Incorporated.
Asset Backed Certificates, Series 2007-9;
BAC HOME LOANS SERVICING, L.P.;
MORTGAGE ELECTRONIC REGISTRATION
SYSTEMS INCORPORATED,

Defendants - Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No.3:10-CV-2128

Before JONES, Chief Judge, and PRADO and ELROD, Circuit Judges.

PER CURIAM:[*]

Dr. Jane Wigginton ("Appellant") appeals the district court's dismissal of her petition against defendants Bank of New York Mellon Corporation

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

("BONY"), BAC Home Loans Servicing, LP ("BAC"), and Mortgage Electronic Registration Systems, Inc. ("MERS") (collectively the "defendants") for failure to state a claim. She also appeals the district court's refusal to grant leave to amend her complaint and its failure to reconsider these rulings. We AFFIRM.

On April 25, 2007, Wigginton executed a home equity promissory note payable to Countrywide Home Loans, Inc. ("Countrywide") and a deed of trust identifying MERS as the beneficiary and Countrywide's nominee. She defaulted on the loan. On October 3, 2008, BAC, acting as the loan servicer, sent Wigginton a notice of default and intent to accelerate ("default notice") indicating that Wigginton was two months in arrears on her mortgage. On January 6, 2010, BAC sent Wigginton a second default notice. On March 3, 2010, MERS assigned its interest and transferred the note to Mellon. Two weeks later, Wigginton received a standard adjustable rate mortgage notice ("rate notice") from Bank of America Home Loans (successor by merger to BAC), reporting a rate adjustment effective May 1, 2010. On August 18, 2010, BONY filed an application for an order of foreclosure.

Appellant commenced this action in state court, seeking to avoid enforcement of her agreement on several theories. The defendants removed to federal court on the basis of diversity jurisdiction.

"To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face.'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974 (2007)), *cert. denied*, 552 U.S. 1182 (2008). "The court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Id.* (internal quotation marks and citation omitted). The Supreme Court directs that a court with a Rule 12(b)(6) motion to dismiss before it may "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679, 129 S. Ct. 1937, 1950 (2009). The

court then determines whether the well-pleaded factual allegations "permit the court to infer more than the mere possibility of misconduct[.]" *Id.*

Appellant raises numerous interrelated issues on appeal, most of which were fully and correctly addressed by the district court. Nowhere does she allege that she has cured her default, made any payments on the loan since October 3, 2008, or surrendered the property at 3635 Mockingbird Lane in Dallas.

First, Wigginton contends that the district court erred in its analysis of her "unenforceable split note" theory that underlies her breach of contract and other claims. The district court's analysis was correct because Texas law rejects this theory. *See* ROA at 297–99.

Second, she contends that the district court erred in its analysis of her theories of waiver and equitable estoppel, which assert that the lenders could not foreclose after the change of rate notice went out, because this implied the continuation of the note. We disagree. The district court's analysis of her pleading deficiency is fully persuasive. *See* ROA at 299–301.

Third, Appellant argues that the district court erred by analyzing her complaint under the Federal Rules of Civil Procedure, rather than the less-demanding Texas pleading standards, and she contends she was denied the opportunity to replead after her suit was removed to federal court. She also argues that the district court erred when it denied her leave to amend her pleadings in its order of December 5, 2011. The district court based its denial of leave to amend on the fact that her proposed amended complaint could not survive a Rule 12(b)(6) motion any better than the unamended complaint. Thus, Appellant plainly received the *opportunity* to replead, but she offered a new complaint that still could not survive Rule 12(b)(6). *See* ROA 364–65. The district court neither erred nor abused its discretion. She had no right in federal court to retain more lenient state court procedural rules.

Fourth, Appellant argues that the district court erred by dismissing her unreasonable collection efforts claim based solely on its rejection of the split-note

theory, since this was a separate claim to the extent it did not depend on that theory. We assume arguendo this assertion is correct, although any alternative basis of her unreasonable collection efforts claim is not clear from her complaint. *Compare* ROA at 31 with ROA at 297. But even taken as a separate claim, her complaint alleges no facts amounting to unreasonable collection efforts. The facts alleged by Appellant cannot render it "plausible" that the defendants exercised "efforts which a person of ordinary prudence in the exercise of ordinary care on his part would have not exercised under the same or similar circumstances." *See Emp. Fin. Co. v. Lathram*, 363 S.W. 2d 899, 901 (Tex.App.–Ft. Worth 1962), *aff'd in part, rev'd in part on other grounds*, 369 S.W. 2d 927 (Tex. 1963).

Fifth, Appellant alleges the district court erred by dismissing her anticipatory breach of contract and Texas Debt Collection Practices Act ("TDCA") claims based on its rejection of the waiver theory. It is true that the TDCA claim does not necessarily depend wholly upon Appellant's theory of waiver. *Compare* ROA at 30 with ROA at 299–301. If Appellant had alleged facts that could render plausible her conclusory statement that any defendant used a deceptive means to collect a debt, this claim could go forward. She has not. The nearest thing to an alleged "misrepresentation" or "deceptive means" in the proposed amended complaint is the rate adjustment notice, which is not alleged to contain any false or misleading statement. *See* ROA 317. Appellant's theory of anticipatory breach fails because it depends on her properly-rejected waiver and split-note theories. *See* ROA 313–16.[1]

Finally, the district court properly disposed of her claims requesting an accounting and declaratory judgment. *See* ROA at 301–03.

---

[1] We do not analyze "defamation" because Wigginton disclaims that she pled it as a separate cause of action.

No. 12-10136

Winning a free house simply because the mortgage lenders sought to use normal means to recover it from a defaulted debtor would indeed be a lucky strike. But such windfalls are the province of the sweepstakes, not of the federal courts. Dr. Wigginton has apparently enjoyed years of free housing while pursuing this meritless litigation. The judgment of the district court is **AFFIRMED**.