**Mary Louise PULLINS, Appellant,**

v.

**CREDIT EXCHANGE OF DALLAS, INC., Appellee.**

**No. 5576.**

Court of Civil Appeals of Texas, Waco.

June 24, 1976.

Rehearing Denied July 29, 1976.

Vinson, Massingill & Stutzman, Edward R. Vinson, Dallas, for appellant.

Carrington, Coleman, Sloman, Johnson & Blumenthal, James A. Ellis, Jr., Dallas, for appellee.

## OPINION

McDONALD, Chief Justice.

This is an appeal by plaintiff Mary Louise Pullins from a take-nothing judgment in an "unreasonable collection efforts" case.

Plaintiff Mary Louise Pullins alleged that her husband Gus Pullins (now deceased) became indebted to Baylor Medical Center November 20, 1972 for $50., that in April 1973, Baylor turned the account over to defendant Credit Exchange of Dallas, Inc., to collect; that unreasonable collection efforts were made by telephone and mail upon her and Mr. Pullins before and after the debt was paid off by Pullins' attorney, and after defendant had been advised that Pullins was represented by counsel; and that as a proximate result of such unreasonable collection efforts, Pullins and (plaintiff) his wife suffered physical illnesses and mental pain and anguish, or aggravation thereof. Plaintiff sought actual and exemplary damages on account of both her husband and herself.

Trial was to a jury which in answer to special issues found:

1) Credit Exchange made no unreasonable collection efforts on Gus Pullins.
14) Gus Pullins or his attorney were negligent in: b) Failing to make arrangements for an extension of time for payment of the hospital bill; c) Failing to send Credit Exchange written verification of the payment of the account.
15) Such negligence was a proximate cause of damages, if any, sustained by Gus Pullins.

The trial court rendered judgment on such verdict that plaintiff, both in her own behalf and as heir, widow and representative of the Estate of Gus Pullins take nothing.

Plaintiff appeals on 13 points, pertinent of which are summarized as follows:

1) The trial court erred in not granting a new trial because there was no evidence to support the jury's answer to issue 1, and such answer is contrary to the overwhelming weight and preponderance of the evidence.
2) The trial court erred in submitting Issues 14 and 15 because contributory negligence is not a valid defense to a cause of action for unreasonable collection efforts.
3) The trial court erred in refusing to submit plaintiff's requested special issues asking about unreasonable collection efforts made upon *Mrs.* Pullins.

Contention 1 asserts that the jury's answer to Issue one, that Credit Exchange made no unreasonable collection efforts on Gus Pullins, is supported by no evidence, or that such answer is against the great weight and preponderance of the evidence.

Gus Pullins was treated at Baylor Medical Center on November 20, 1972 as result of an accident, for which he owed Baylor $50. Baylor billed Pullins several times and when he failed to pay, Baylor on April 24, 1973 turned the bill over to defendant Credit Exchange for collection.

On April 24, 1973 defendant's employee called Mr. Pullins and requested payment of the debt. Mr. Pullins told defendant's employee he had an attorney, was expecting a settlement [for his accident] in a few days and as soon as such was made the bill would be paid, and to call his attorney. On April 30, 1973 defendant called Mr. Pullins' Attorney Mr. Thompson, who told defendant that he was negotiating a settlement and the bill would be paid as soon as he did. On May 4, 1973 defendant's employee called Mr. Pullins and demanded payment. Mr. Pullins advised the insurance should have already paid the debt, and that "his attorney would take care of it". On May 4, 1973 defendant sent Mr. Pullins a "Demand Notice" giving Pullins 72 hours to pay the debt or a judgment would be sought. On May 15, 1973 defendant's employee called Mr. Pullins demanding payment. Pullins told defendant the debt had been paid "last Friday" [on May 11]. Defendant's employee spoke in a harsh and demanding manner. Defendant on May 15, 1973 sent Mr. Pullins a purported copy of a letter to Baylor in which defendant recommended "that an immedi-

ate suit be filed to recover the money due you". On May 24, 1973 defendant's employee phoned Mr. Pullins demanding payment of the bill. Mr. Pullins told him his attorney had already paid the bill. Defendant demanded "proof" that the bill had been paid, and gave Pullins a deadline of 2 p. m. the following day to furnish "proof" the bill had been paid. Defendant's employee advised Mr. Pullins if he didn't pay he wouldn't be able to go to any hospital.

On May 25, 1973 defendant wrote to Mr. Pullins he could not get credit if he needed it because he had not paid the instant bill; and that "our client reports no record of receiving payment".

Defendant did not contact Baylor between May 15, and May 29, 1973 to ascertain whether Pullins had paid the bill.

Defendant called Mr. Pullins again on May 31, 1973 demanding payment of the debt to Baylor.

Mr. Pullins was sick with cancer all during the time here involved and died prior to trial from same. There is evidence Mr. Pullins was upset by defendant's collection efforts; and evidence that Mrs. Pullins answered the telephone and talked with defendant's employee before Mr. Pullins took the telephone; that Mrs. Pullins was upset, took crying spells as a result of the defendant's collection efforts.

The trial court's Issue 1 was: "Do you find from a preponderance of the evidence that from April 30, 1973 to May 31, 1973 Credit Exchange of Dallas, Inc., through its agents, or employees, made any unreasonable collection efforts upon Gus Pullins?"

To which the jury answered "NO."

■ We think such answer against the great weight and preponderance of the evidence. We think all defendant's collection efforts after the date of payment by Mr. Pullins' attorney to have been unreasonable. In fact after Mr. Pullins advised defendant's employee the bill had been paid, defendant did not even contact Baylor to determine whether the bill was in fact paid, and at least 4 collection contacts were made by defendant after such bill was in fact

paid. *Signature Indorsement Co. v. Wilson*, CCA (Texarkana) Tex.Civ.App., NRE, 392 S.W.2d 484; *Moore v. Savage*, CCA (Waco) Tex., NRE, 362 S.W.2d 298.

Contention 2 asserts the trial court erred in submitting Issues 14 and 15 because contributory negligence is not a defense in unreasonable collection efforts case.

The jury found in Issues 14 and 15 that Gus Pullins was negligent in not making arrangements for an extension of time to pay Baylor; in not sending Credit Exchange written verification of the payment of the account; and that such was a proximate cause of Pullins' damages.

■ A suit for damages for unreasonable collection efforts is not a suit for negligence, but a suit based on an intentional act. Contributory negligence is thus not a defense in an "unreasonable collection efforts" case. *Moore v. Savage*, S.Ct., 362 S.W.2d 298; *Moore v. El Paso Chamber of Commerce*, CCA (El Paso) Tex.Civ.App., NRE, 220 S.W.2d 327; *Salazar v. Bond Finance Company*, CCA, Tex.Civ.App., NRE, 410 S.W.2d 839; *Signature Indorsement Co. v. Wilson*, CCA (Texarkana) Tex.Civ.App., NRE, 392 S.W.2d 484.

■ Contention 3 asserts the trial court erred in refusing to submit plaintiff's requested issues asking about unreasonable collection efforts made upon Mrs. Pullins.

Mrs. Pullins plead that unreasonable collection contacts and efforts were made upon her (as well as Mr. Pullins). She answered the telephone and defendant's employee talked to her and demanded payment of the Baylor bill. Mrs. Pullins became nervous, upset and vomited; she had headaches, dizziness and went to the doctor.

The trial court erred in not submitting issues as to Mrs. Pullins. *Moore v. Savage*, CCA (Waco) Tex.Civ.App., NRE, 359 S.W.2d 95.

The contentions discussed are sustained as indicated.

REVERSED AND REMANDED.